UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CASE NO. 1:11-CR-292
:
OMAR SIERRE FOLK, :
    Defendant :

*M E M O R A N D U M*

*I.*     *Introduction*

Presently before the court is Defendant Omar Sierre Folk's motion (Doc. 151) to amend his initial motion (Doc. 139) for relief under 28 U.S.C. § 2255. He has also filed several other motions for transcripts and hearings. (Docs. 154, 155, 160). For the reasons that follow, the court will grant in part Defendant's motion to amend, and will deny his other motions at this time.

*II.*     *Background*

On August 14, 2012, Defendant was convicted by a jury of various drug and firearms offenses. (Docs. 82, 84). He was determined to be a career offender under the United States Sentencing Guidelines ("USSG" or "Guidelines"), and his resultant sentencing guideline range was 420 months to life. (Presentence Investigation Report ("PSR") ¶¶ 29-31, 79). On September 26, 2013, this court granted a significant downward variance and sentenced Defendant to 264 months' imprisonment (Doc. 134 at 28-29; Doc. 126). Defendant appealed, and on September 17, 2014, the Third Circuit affirmed the judgment. United States v. Folk, 577 F. App'x 106, 107 (3d Cir. 2014). The Supreme

Court of the United States denied Defendant's petition for a writ of certiorari on October 5, 2015. Folk v. United States, 136 S. Ct. 161 (2015) (mem).

On June 5, 2016, Defendant—through counsel from the Federal Public Defender's Office—filed his first motion pursuant to 28 U.S.C. § 2255 based on the recent Supreme Court case of Johnson v. United States, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally void for vagueness). (Doc. 139). It appears as though the Federal Public Defender, appointed under a Middle District standing order (see Doc. 141: M.D. Pa. Standing Order 15-06), identified Defendant as a potential candidate for relief under Johnson and filed the 2255 motion on his behalf pursuant to the standing order. Evidently, due to the looming deadline established by the gatekeeping requirements of 28 U.S.C. § 2255(f) and Johnson's date of decision of June 26, 2015,[1] the Federal Public Defender Office's policy was to file the 2255 motion on the defendant's behalf and subsequently communicate with the defendant, withdrawing the motion if the defendant did not want it filed. (Doc. 143 at 2). This practice appears to have been followed in the instant case. (Id. at 2-3)

On June 8, 2016, the Federal Public Defender moved to appoint counsel from the Criminal Justice Act ("CJA") panel to represent Defendant in his Johnson-based 2255 motion. (Doc. 143). The request for appointment of CJA counsel was the result of a conflict of interest with Defendant stemming from a civil case he filed against the Federal

---

[1] 28 U.S.C. § 2255(f)(3) provides for a one-year statute of limitations that begins to run "on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" For most defendants who had not filed a previous 2255 motion, and whose judgments of conviction became final more than a year prior to the Johnson decision, section 2255(f)(3) provided the only means to file a timely initial 2255 motion to raise a Johnson claim.

Public Defender's Office. (Id. at 3). The court granted this motion the following day, and CJA counsel was appointed. (Doc. 144; Doc. 149 at 1).

On August 30, 2016, the court issued an order for the Government to show cause why relief should not be granted on Defendant's 2255 motion. (Doc. 145). Because Defendant's Johnson claim implicated the residual clause of the career offender portion of the Guidelines, see USSG § 4B1.2(a)(2) (2013), rather than the residual clause of the ACCA, the Government moved to stay the case in light of relevant cases pending in the Third Circuit as well as the Supreme Court's grant of certiorari in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015) (per curiam), cert. granted, 136 S. Ct. 2510 (2016) (mem.) (granting certiorari to determine, inter alia, whether residual clause in USSG § 4B1.2(a)(2) was void for vagueness after Johnson). (Doc. 147 at 2). Defendant's CJA counsel did not oppose the stay. (Id. at 3). On September 19, 2016, this court granted the unopposed motion to stay the case in light of the grant of certiorari in Beckles. (Doc. 148).

It is at this point that the facts surrounding Defendant's 2255 motion become murky. After the September 19, 2016 imposition of a stay, (Doc. 148), no entries appear on the docket until February 27, 2017, when Defendant's CJA counsel filed an unopposed motion to withdraw as counsel, (Doc. 149). In her motion to withdraw, which contains little detail, CJA counsel cited an inability to communicate effectively with Defendant and Defendant's explicit request that she withdraw from his case. (Id. at 2). The court granted the motion to withdraw on April 7, 2017, noting that Defendant would proceed pro se in the post-conviction matters. (Doc. 153).

3

On April 3, 2017, four days prior to this court granting CJA counsel's motion to withdraw, Defendant filed the instant pro se "motion to amend under 15(c)(2)(B)[2] in regards to original 2255." (Doc. 151). In this motion to amend his initial 2255 motion, he begins by referencing a "motion [for] leave [to] amend under 15(a)" that he purportedly filed in October of 2016. (Id. at 1). As explained above, however, no motion to amend—or any other motion or document—appears on this case's docket in October of 2016. Defendant also mentions this October 2016 motion to "amend under Rule 15(a)" in his reply brief (Doc. 158), averring that the motion was deposited in the prison mail system on October 5, 2016.[3] (Doc. 158 at 1, 2). Importantly, Defendant attached, as "Exhibit (A)" to his reply brief, the cover page of this October 5, 2016 pro se motion to "amend under 15(a)," which contains a "FILED" time-stamp of October 7, 2016, and initials of a staff member from the clerk's office. (See Doc. 158-1 at 1). Upon investigation, it appears that—without this court's knowledge—the clerk's office initially stamped the motion to "amend under 15(a)" as filed, but instead of filing it on the docket, mailed the pro se motion back to Defendant after discovering that he was represented by CJA counsel.

In his reply brief, Defendant further avers that he explicitly asked his CJA counsel to raise other issues for relief, beyond the Johnson claim, within the one-year statute of limitations set forth in section 2255(f)(1). (See Doc. 158 at 1). CJA counsel

---

[2] The court construes Defendant's motion to amend "under Rule 15(c)(2)(B)" as a motion to amend pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), as the current Rule 15 does not contain a subsection (c)(2)(B).

[3] This mailed-by date is important, as under the prisoner mailbox rule, documents placed in the prison mailbox system are deemed filed on the date they are mailed, not the date they are received by the court. See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011). Moreover, as will be discussed in more detail below, October 5, 2016, was the deadline for Defendant to raise claims for relief in an initial 2255 motion pursuant to the one-year statute of limitations period set forth in 28 U.S.C. § 2255(f)(1).

4

corroborated this averment in her telephonic communications with this court prior to her withdrawal from the case, stating that Defendant wanted to raise additional claims but that she was having significant difficulty deciphering what those claims entailed. Defendant further contends that the claims in the instant motion to amend are related to the additional claims he raised in his October 5, 2016 motion to amend, and therefore the instant claims relate back and should be considered timely. (Id. at 2).

   The Government argues that the additional claims raised in Defendant's instant motion to amend are unrelated to his Johnson claim, cannot relate back to his initial 2255 filing, and thus are time-barred under the one-year statute of limitations provided by section 2255(f)(1). (Doc. 156 at 4-10). Although Defendant's October 5, 2016 motion to amend was not mentioned or attached as an exhibit until he filed the instant reply brief, the Government has not responded to Defendant's contentions regarding this earlier motion to amend, despite having the opportunity to seek leave to file a surreply[4] to address this critical issue. Defendant's instant motion for leave to amend is therefore ripe for disposition.

*III.*  *Discussion*

   A 2255 movant can seek to amend his motion for relief pursuant to the Federal Rules of Civil Procedure. See United States v. Thomas, 221 F.3d 430, 434 (3d Cir. 2000) ("The Federal Rules of Civil Procedure apply to habeas corpus proceedings 'to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions.'" (quoting FED. R. CIV. P. 81(a)(2))); see also 28 U.S.C. § 2242 ("[Application for a writ of habeas corpus] may be amended or supplemented as provided in the rules of procedure applicable to civil

---

[4] See M.D. Pa. Local Rule 7.7.

actions."). Under Federal Rule of Civil Procedure 15, if more than twenty-one days have elapsed after service of a pleading or service of a responsive pleading, a party may amend only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(1), (2). Leave to amend should be freely given by the court when justice so requires. Id. 15(a)(2).

A motion to amend, however, may not be used to circumvent the statute of limitations Congress provided in 28 U.S.C. § 2255(f). United States v. Duffus, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). Therefore, if a motion to amend, which raises new claims for relief, is filed outside of the one-year statute of limitations, the new claims must relate back under Federal Rule of Civil Procedure 15(c) to the timely filed claims or else they will be time-barred. See Mayle v. Felix, 545 U.S. 644, 662 (2005).

Here, it appears that Defendant first moved to amend his initial 2255 motion on October 5, 2016, exactly one year from the date his judgment of conviction became final.[5] Through no fault of his own, that motion to amend was erroneously returned to him instead of being docketed. At that time, Defendant's 2255 motion was stayed, and the court had neither required a substantive response from the Government nor made a determination on the motion's merits. As such, amendment of that 2255 motion to add additional claims would have caused little, if any, prejudice to the Government. Moreover, the October 5, 2016 motion to amend was filed within the one-year statute of limitations provided by section 2255(f)(1), and therefore relation back would not be at issue.

---

[5] Defendant's judgment of conviction became final on October 5, 2015, when the Supreme Court denied his timely filed petition for certiorari. See Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).

6

Defendant, however, only attached the first page of the October 5, 2016 motion to amend, rather than the entire motion. The court is thus unable to determine what additional claims Defendant attempted to raise in the presumptively timely motion. Until the court has an opportunity to review and address Defendant's first motion to amend, it cannot address the additional claims raised in the instant motion to amend that Defendant contends relate back to timely filed claims. Therefore, Defendant will be required to provide a copy of the complete October 5, 2016 motion to amend (the first page of which is attached to Defendant's reply brief as "Exhibit (A)" and is time-stamped as filed on October 7, 2016) so that it can be properly considered by this court.

In light of the foregoing discussion, Defendant's additional motions—the motion for a "status quo" hearing, the motion for transcripts, and the motion for an evidentiary hearing—are premature and will be denied without prejudice at this time. After Defendant provides the court with the full October 5, 2016 motion to amend, the Government will have an opportunity to respond to that motion. Once the court addresses the October 5, 2016 motion to amend, Defendant will be free to renew his additional motions if he so desires. He will also be permitted to re-assert his Rule 15(c) relation back claims contained in the instant motion to amend that this court has deferred on addressing at the present time.

*IV.      Conclusion*

For the above-stated reasons, the court will grant in part Defendant's motion (Doc. 151) to amend his initial 2255 motion. Defendant will be permitted to re-submit the complete October 5, 2016 motion to "amend under 15(a)" for this court's consideration, and the Government will have an opportunity to respond to that motion. Following the

7

court's decision on the October 5, 2016 motion to amend, Defendant will be permitted to renew his other motions if he so desires. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge