# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:11-cr-292 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| OMAR SIERRE FOLK, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### February 16, 2018

Presently before the court are defendant Omar Sierre Folk's motion (Doc. 139) for relief under 28 U.S.C. § 2255 ("2255 motion"), as well as a motion (Doc. 163) to amend his 2255 motion. Folk has also filed two additional motions to amend, (Docs. 165, 169), two motions for a hearing, (Docs. 168, 171), and a motion to appoint counsel, (Doc. 170). For the reasons that follow, the court will grant Folk's first motion to amend (Doc. 163), but will deny all of his other motions, including his motion for relief under 28 U.S.C. § 2255.

## I.      BACKGROUND

On August 14, 2012, a jury convicted Folk of various drug and firearms offenses. (Docs. 82, 84). Shortly thereafter, he moved for a new trial or alternatively to vacate judgment. (Doc. 87). The court denied that post-trial motion. (Doc. 90).

Folk was found to be a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), and his resultant sentencing Guideline range was 420 months to life. (Presentence Investigation Report ("PSR") ¶¶ 29-31, 79). On September 26, 2013, the court granted a significant downward variance and sentenced Folk to 264 months' imprisonment. (Doc. 134 at 28-29; Doc. 126).

Folk appealed the denial of a motion for a mistrial made during trial, as well as the denial of his post-trial motion for a new trial. (Doc. 127); *United States v. Folk*, 577 F. App'x 106, 106 (3d Cir. 2014) (nonprecedential). On September 17, 2014, the Third Circuit affirmed the judgment. *Folk*, 577 F. App'x at 107. The Supreme Court of the United States denied Folk's petition for a writ of certiorari on October 5, 2015. *Folk v. United States*, 136 S. Ct. 161 (2015) (mem).

On June 5, 2016, Folk—through counsel from the Federal Public Defender's Office—filed his first motion under 28 U.S.C. § 2255 based on the recent Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally void for vagueness). (Doc. 139). It appears as though the Federal Public Defender, appointed under a Middle District standing order (*see* Doc. 141 (M.D. Pa. Standing Order 15-06)), identified Folk as a potential

candidate for relief under *Johnson* and filed the 2255 motion on his behalf pursuant to the standing order. Evidently, due to the looming deadline established by the gatekeeping requirements of 28 U.S.C. § 2255(f) and *Johnson*'s date of decision of June 26, 2015,[1] the Federal Public Defender's policy was to file the 2255 motion on the defendant's behalf and subsequently communicate with the defendant, withdrawing the motion if the defendant did not want it filed. (Doc. 143 at 2). This practice appears to have been followed in the instant case. (*Id.* at 2-3).

On June 8, 2016, the Federal Public Defender moved to appoint counsel from the Criminal Justice Act ("CJA") panel to represent Folk in his *Johnson*-based 2255 motion. (Doc. 143). The request for appointment of CJA counsel was the result of a conflict of interest with Folk stemming from a civil case he filed against the Federal Public Defender's Office. (*Id.* at 3). The court granted this motion the following day, and CJA counsel was appointed. (Doc. 144; Doc. 149 at 1).

On August 30, 2016, the court issued an order for the Government to show cause why relief should not be granted on Folk's 2255 motion. (Doc. 145).

---

[1] 28 U.S.C. § 2255(f)(3) provides for a one-year statute of limitations that begins to run "on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" For most defendants who had not filed a previous 2255 motion, and whose judgments of conviction became final more than a year prior to the *Johnson* decision, Section 2255(f)(3) provided the only means to file a timely initial 2255 motion to assert a *Johnson* claim.

Because his *Johnson* claim implicated the residual clause of the career offender portion of the Guidelines, *see* U.S.S.G. § 4B1.2(a)(2) (2013), rather than the residual clause of the ACCA, the Government moved to stay the case in light of relevant cases pending in the Third Circuit as well as the Supreme Court's grant of certiorari in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015) (per curiam), *cert. granted*, 136 S. Ct. 2510 (2016) (mem.) (granting certiorari to determine, *inter alia*, whether advisory Guideline's residual clause found in U.S.S.G. § 4B1.2(a)(2) was void for vagueness after *Johnson*).  (Doc. 147 at 2).  Folk's counsel concurred in the stay.  (*Id.* at 3).  On September 19, 2016, the court granted the unopposed motion to stay the case in light of the grant of certiorari in *Beckles*.  (Doc. 148).

    After the September 19, 2016 imposition of a stay, no entries appear on the docket until February 27, 2017, when Folk's CJA counsel filed an unopposed motion to withdraw as counsel, (Doc. 149).  In her motion to withdraw, which contained little detail, CJA counsel cited an inability to communicate effectively with Folk and his explicit request that she withdraw from his case.  (*Id.* at 2).  The court granted the motion to withdraw on April 7, 2017, noting that Folk would proceed *pro se* in the post-conviction matters.  (Doc. 153).

On April 3, 2017, four days prior to the court granting CJA counsel's motion to withdraw, Folk filed a *pro se* "motion to amend under 15(c)(2)(B)[2] in regards to original 2255." (Doc. 151). Within this motion to amend his initial 2255 motion, Folk referenced a "motion [for] leave [to] amend under [Rule] 15(a)" that he purportedly filed in October of 2016. (*Id.* at 1). As explained above, however, no motion to amend—or any other motion or document— appears on this case's docket in October of 2016. Folk also mentioned this October 2016 motion to "amend under 15(a)" in his reply brief (Doc. 158), averring that the motion was deposited in the prison mail system on October 5, 2016.[3] (Doc. 158 at 1, 2).

Importantly, Folk attached, as "Exhibit (A)" to his reply brief, the cover page of this October 5, 2016 *pro se* motion to "amend under 15(a)," which contains a "FILED" time-stamp of October 7, 2016, and initials of a staff member from the clerk's office. (*See* Doc. 158-1 at 1). Upon investigation, it appears that—without this court's knowledge—the clerk's office had initially

---

[2] The court construed Folk's motion to amend "under Rule 15(c)(2)(B)" as a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), as Rule 15 does not contain a subsection "(c)(2)(B)." (*See* Doc. 161 at 4 n.2); FED. R. CIV. P. 15(c).

[3] This mailed-by date is important. Under the prisoner mailbox rule, documents placed in the prison mailbox system are deemed filed on the date they are mailed, not the date they are received by the court. *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). Moreover, as will be discussed in more detail below, October 5, 2016, was the deadline for Folk to raise claims for relief in an initial 2255 motion pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1).

stamped the motion to "amend under 15(a)" as filed, but instead of filing it on the docket, mailed the *pro se* motion back to Folk after discovering that he was represented by CJA counsel.

In his reply brief, Folk further averred that he explicitly asked his CJA counsel to raise other issues for relief, beyond the *Johnson* claim, within the one-year statute of limitations set forth in Section 2255(f)(1). (*See* Doc. 158 at 1). CJA counsel corroborated this averment in her telephonic communications with this court prior to her withdrawal from the case, stating that Folk had wanted to raise additional claims but that she was having significant difficulty deciphering what those claims entailed.

On August 2, 2017, the court permitted Folk to file the entire October 5, 2016 motion to "amend under 15(a)" so that it could be properly considered. (*See* Doc. 162). In particular, the court directed as follows:

> After [Folk] provides the court with the full October 5, 2016 motion to amend, the Government will have an opportunity to respond to that motion. *Once the court addresses the October 5, 2016 motion to amend*, [Folk] will be free to renew his additional motions if he so desires. He will also be permitted to re-assert his Rule 15(c) relation back claims contained in the instant motion to amend that this court has deferred on addressing at the present time.

(Doc. 162 at 7) (emphasis added). One week later, Folk filed the full October 5, 2016 motion as requested. (*See* Doc. 163).

On August 23, 2017, the Government filed its brief in opposition to Folk's motion to "amend under 15(a)." (Doc. 166). The Government appears to concede that leave to amend should be granted, but challenges the merits of the additional claims raised in the motion. (*Id.* at 2-19).

As noted, Folk has repeatedly ignored this court's directions by continuing to file various motions in this case, including multiple other motions to amend, before we have ruled on his initial motion to amend.[4] Therefore, we will first address Folk's initial 2255 motion and the October 5, 2016 motion to "amend under 15(a)." The remaining pending motions will then be considered.

## II.  DISCUSSION

A Section 2255 movant can seek to amend his motion for relief pursuant to the Federal Rules of Civil Procedure. *See United States v. Thomas*, 221 F.3d 430, 434 (3d Cir. 2000) ("The Federal Rules of Civil Procedure apply to habeas corpus proceedings 'to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions.'" (quoting FED. R. CIV. P. 81(a)(2))); *see also* 28 U.S.C. § 2242 ("[Application for a writ of habeas corpus] may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Under Federal

---

[4] On February 5, 2018, shortly after Folk had filed his last additional motion, this case was reassigned from the Honorable William W. Caldwell to the undersigned due to Judge Caldwell's retirement.

Rule of Civil Procedure 15, if more than twenty-one days have elapsed after service of a pleading or service of a responsive pleading, a party may amend only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(1), (2). Leave to amend should be freely given by the court when justice so requires. FED. R. CIV. P. 15(a)(2).

A motion to amend, however, may not be used to circumvent the statute of limitations Congress provided in 28 U.S.C. § 2255(f). *United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). Therefore, if a motion to amend, which raises new claims for relief, is filed outside of the one-year statute of limitations, the new claims must relate back under Federal Rule of Civil Procedure 15(c) to the timely filed claims or else they will be time-barred. *See Mayle v. Felix*, 545 U.S. 644, 662 (2005).

Here, it appears that Folk first moved to amend his initial 2255 motion on October 5, 2016, exactly one year from the date his judgment of conviction became final.[5] Through no fault of his own, that motion to amend was errantly returned to him instead of being docketed. At that time, Folk's 2255 motion was

---

[5] Folk's judgment of conviction became final on October 5, 2015, when the Supreme Court denied his timely filed petition for certiorari. *See Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999).

stayed, and the court had neither required a substantive response from the Government nor made a determination on the 2255 motion's merits. As such, amendment of that 2255 motion to add additional claims would have caused little, if any, prejudice to the Government. Moreover, the October 5, 2016 motion to amend was filed within the one-year statute of limitations provided by 28 U.S.C. § 2255(f)(1), and therefore relation back is not at issue. Finally, Folk's initial 2255 motion was filed by the Federal Public Defender without consultation regarding whether Folk wanted to include other grounds for relief beyond the *Johnson* claim, and, as discussed above, Folk clearly wanted to include additional claims.

Accordingly, we will grant Folk's October 5, 2016 motion to "amend under 15(a)" (Doc. 163) and will thus treat the claims raised in that motion as part of his original 2255 motion. The court now turns to the merits of Folk's grounds for relief under 28 U.S.C. § 2255.

### A. *Johnson* Claim

After the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), Folk's *Johnson*-based claim for relief fails. In *Beckles*, the Court explained that its decision in *Johnson* did not extend to the residual clause of the advisory career-offender Guideline. 137 S. Ct. at 890. The Court specifically held that Section 4B1.2(a)(2) of "the advisory Guidelines [is] not subject to

vagueness challenges under the Due Process Clause." *Id.* Distinguishing its holding in *Johnson*, the Court in *Beckles* relied on the distinction between the effect at sentencing of the discretionary nature of the advisory Guidelines and mandatory statutes like the ACCA:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the [advisory] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892.

Folk was sentenced as a career offender under the advisory Guidelines. (*See* PSR ¶¶ 17, 26, 29-31). Thus, even if his career-offender status was based on the residual clause of the advisory Guidelines, *Beckles* dictates that Folk's *Johnson*-based collateral challenge to the constitutionality of his sentence must be rejected.

## B. Claims Added by October 5, 2016 Amendment

In his *pro se* motion to "amend under 15(a)," which is extremely difficult to decipher, Folk appears to raise seven additional grounds for relief: (1) entrapment by state and federal law enforcement, as well as sentencing entrapment; (2) a Fourth Amendment claim based on a theory of forced abandonment; (3) an alleged Federal Rule of Evidence 608(b) error during trial;

(4) alleged improper court involvement in plea negotiations; (5) overly prejudicial testimony from a government witness; (6) ineffective assistance of counsel for failure to raise selective and vindictive prosecution claims; and (7) trial-court error in failing to grant Folk a medical continuance. (Doc. 163). The primary problem for Folk is that only one of these seven additional grounds for relief—ground six—is cognizable in the instant Section 2255 proceedings.

A Section 2255 motion is the appropriate procedural vehicle to challenge a federal sentence that the movant claims "was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255. But it is not intended to be a substitute for a direct appeal. *See United States v. Travillion*, 759 F.3d 281, 288 n.11 (3d Cir. 2014) (citing *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993)). Claims that should have been raised on direct appeal, but were not, are not cognizable in a 2255 motion unless the movant can establish cause and prejudice, or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted); *Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009) (citations omitted). "Cause for a procedural default exists where something *external* to the [movant], something that cannot fairly be attributed to him[,] . . . impeded [his] efforts" to raise the claim at trial or on direct appeal. *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (second and third alterations in original) (citations and internal quotation marks omitted). To

establish prejudice, a movant must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

### 1. Entrapment & Sentencing Entrapment

Folk did not raise a claim of entrapment or sentencing entrapment at the trial-court level or on direct appeal. He has also not made any showing of cause—let alone prejudice—to excuse the procedural default of these claims. Accordingly, we cannot consider these claims on collateral review. *Massaro*, 538 U.S. at 504.

### 2. Fourth Amendment Claim Alleging Forced Abandonment

Folk next appears to argue that, due to "forced abandonment" of drugs, his Fourth Amendment rights were violated. (Doc. 163 at 4-6). He does not, however, specify what relief should follow from this alleged constitutional violation. No discussion on relief is necessary, though, because this claim is meritless.

First, no such Fourth Amendment claim was raised at trial or on direct appeal. Therefore, this claim is procedurally defaulted and cannot be considered

in a 2255 motion unless cause and prejudice are established. *Massaro*, 538 U.S. at 504. Folk has shown neither.

Second, such a free-standing Fourth Amendment claim is most likely not cognizable on Section 2255 collateral review. Federal courts of appeal that have considered this issue have expressly barred free-standing Fourth Amendment claims from being raised in 2255 motions when there was an opportunity for "full and fair litigation" of the claim at trial or on direct appeal. *See Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009); *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980). Although the Third Circuit has not yet directly addressed this issue, it has at least questioned whether such claims are reviewable. *See United States v. Britton*, C.A. No. 17-1389, 2017 WL 3630168, at \*1 (3d Cir. May 16, 2017) (nonprecedential) (citing *Stone v. Powell*, 428 U.S. 465, 481-82 (1976) and *Ray*, 721 F.3d at 761); *see also Huggins v. United States*, 69 F. Supp. 3d 430, 458 (D. Del. 2014) (following other courts of appeal by extending *Stone v. Powell* to bar free-standing Fourth Amendment claims raised in 2255 motion when movant had earlier opportunity to litigate those claims).

### 3. *Alleged Federal Rule of Evidence 608(b) Error at Trial*

Folk also contends the trial court impermissibly foreclosed cross-examination of Trooper Shawn Wolfe ("Trooper Wolfe") about a civil lawsuit alleging that Trooper Wolfe used excessive force. During the portion of the trial when Folk was representing himself, Folk questioned Trooper Wolfe about the lawsuit and the Government objected on the basis of relevancy. (Doc. 135 at 103). The court sustained the objection, finding the excessive-force lawsuit irrelevant. (Id. at 103-04). Folk now contends this was an error under Federal Rule of Evidence 608(b). This claim fails procedurally and on the merits.

As an initial matter, Folk procedurally defaulted on this claim by not raising it on direct appeal. Again, Folk has not demonstrated cause or prejudice to permit review of this claim, and therefore it must be denied. *Massaro*, 538 U.S. at 504.

Even if the court could entertain the claim, it is meritless. Federal Rule of Evidence 608(b) permits the court, in its discretion, to allow cross-examination of a witness regarding "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness" if those acts are "probative of the [witness's] character for truthfulness or untruthfulness[.]" Fed. R. Evid. 608(b). Folk has failed to show—both at trial and in his 2255 motion—why the civil lawsuit alleging excessive force is in any way probative of the truthfulness

of Trooper Wolfe. Therefore, excluding such cross-examination was an appropriate exercise of the trial court's discretion under Rule 608(b).

### 4. Alleged Court Participation in Plea Discussions

Folk next asserts that the trial court impermissibly involved itself with the negotiations of an 11(c)(1)(C) plea agreement during trial. We decline to reach the merits of this claim. Folk did not raise it on direct appeal, nor has he established cause or prejudice to excuse the procedural default. Accordingly, this claim must be denied. *Massaro*, 538 U.S. at 504.[6]

### 5. Alleged Prejudicial Testimony of Melanie Schill

In Folk's fifth ground for relief, he appears to argue that the testimony from a government witness during trial was incurably prejudicial and requires a new trial. Our colleague Judge Caldwell found it not to be such, and we agree with his sound conclusion.

During trial, Melanie Schill ("Schill")—Folk's ex-girlfriend and mother of his daughter—testified about events that took place while she and Folk were living together. In particular, Schill described an incident where she and Folk got

---

[6] We also reject the additional and unrelated claims Folk raises in this section and the following section of his 2255 motion. He appears to assert that *Johnson*'s holding requires dismissal of Counts 2 and 3—the charges related to Section 924(c). (Doc. 163 at 11-12, 14-15). The court assumes that Folk is arguing that his Section 924(c) convictions implicate the residual clause found in 18 U.S.C. § 924(c)(3)(B), and are now unconstitutional after *Johnson*. These claims are meritless because Folk's charges under Section 924(c) were based on his use of a firearm in relation to or in furtherance of drug trafficking crimes. (*See* Doc. 44 at 2-3 (superseding indictment)). They were not related to "crime[s] of violence" defined in part by the residual clause found in Section 924(c)(3)(B).

into an argument about his drug-dealing activities, and Folk, while holding their then-infant daughter, pointed a handgun at Schill and threatened to kill her. (Doc. 135 at 116-18). Defense counsel repeatedly objected to this testimony, (*id.* at 118-19), and eventually moved for a mistrial, (*id.* at 134-35). The motion for a mistrial was denied. (*Id.* at 138).

After the trial concluded, Folk moved for a new trial based in part on this testimony, arguing it was incurably prejudicial. (Doc. 87 at 5). That motion was also denied. (Doc. 90 at 5-7). Folk then appealed to the Third Circuit, which affirmed the denial of the mistrial. *United States v. Folk*, 577 F. App'x 106, 107 (3d Cir. 2014) (nonprecedential).

Folk now raises the same issue in his 2255 motion. But issues that have already been decided on direct appeal are not permitted to be relitigated in a 2255 motion. *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("[I]ssues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion[.]" (citing *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993))). Consequently, this claim must be denied.[7]

---

[7] Folk also appears to challenge a sentencing enhancement he received for obstruction of justice under U.S.S.G. § 3C1.1. (*See* Doc. 163 at 12-13). This claim, like most of his other claims, was not raised on direct appeal and therefore is procedurally defaulted. Folk has not demonstrated cause or prejudice to excuse the default, so this claim must also be denied. *Massaro*, 538 U.S. at 504. We further note that this enhancement had no effect on Folk's ultimate Guideline calculations because he was found to be a career offender. (*See* PSR ¶¶ 26, 28, 29-31).

### 6. *Ineffective Assistance of Counsel for Failure to Assert Selective and Vindictive Prosecution Claims*

Folk next contends that his appointed trial counsel was constitutionally ineffective for failing to raise claims of selective and vindictive prosecution. (Doc. 163 at 15-18). This claim is the only ground asserted in his motion to "amend under 15(a)" that is cognizable in the instant Section 2255 proceedings. Nonetheless, it is without merit.

Claims of ineffective assistance of counsel in violation of the Sixth Amendment are governed by *Strickland v. Washington,* 466 U.S. 668 (1984). The burden is on the defendant to prove such a claim. *Strickland*, 466 U.S. at 687.

*Strickland* sets forth a two-prong test to assess ineffectiveness claims. First, counsel's performance must be deficient. *Jacobs v. Horn,* 395 F.3d 92, 102 (3d Cir. 2005) (citing *Strickland*, 466 U.S. at 687). "Performance is deficient if counsel's efforts 'fell below an objective standard of reasonableness' under 'prevailing professional norms.'" *Shotts v. Wetzel*, 724 F.3d 364, 375 (3d Cir. 2013) (quoting *Strickland*, 466 U.S. at 688). However, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Grant v. Lockett*, 709 F.3d 224, 234 (3d Cir. 2013) (quoting *Strickland*, 466 U.S. at 689).

Second, counsel's deficient performance must have prejudiced the defendant. *Jacobs*, 395 F.3d at 105 (citing *Strickland*, 466 U.S. at 692). "To demonstrate prejudice, 'a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Shotts*, 724 F.3d at 375 (quoting *Strickland*, 466 U.S. at 694). A habeas court can forego an analysis of the *Strickland* performance prong if it finds that the defendant has failed to establish prejudice. *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 477 (3d Cir. 2017) (quoting *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008)).

Here, Folk has failed to show prejudice; i.e., he has not demonstrated that but for appointed counsel's alleged ineffectiveness in failing to raise claims of selective and vindictive prosecution, there is a "reasonable probability" that the result of his trial "would have been different." *Shotts*, 724 F.3d at 375 (quoting *Strickland*, 466 U.S. at 694). That is because his underlying claims of selective and vindictive prosecution are meritless.

To make out a claim for unconstitutional selective prosecution, a defendant "must 'provide evidence that persons similarly situated have not been prosecuted' and that 'the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor.'" *United States v.*

*Taylor*, 686 F.3d 182, 197 (3d Cir. 2012) (quoting *United States v. Schoolcraft*, 879 F.2d 64, 67 (3d Cir. 1989)).  The defendant, who bears the burden of proof on such claims, must establish both elements "with clear evidence sufficient to overcome the presumption of regularity that attaches to decisions to prosecute." *Id.* (citation and internal quotation marks omitted).

In this case, Folk asserts that Brandon Beatty and Darren McMillan were similarly situated but were not prosecuted.  Folk, however, has failed to make even a prima facie showing of the second element of selective prosecution.  That is, Folk has not explained, let alone provided "clear evidence" of, how the decision to prosecute him but not Beatty and McMillan was based on an unjustifiable standard like "race, religion, or some other arbitrary factor." *Taylor*, 686 F.3d at 197 (citations omitted).  Consequently, Folk's selective prosecution claim is without merit, and raising such a claim would have had no effect on the trial proceedings.

Folk also contends that his appointed counsel should have raised a vindictive prosecution claim.  A defendant claiming vindictive prosecution bears the burden of proof and must show that the United States Attorney penalized him for "invoking legally protected rights" rather than simply prosecuted him "based on the usual determinative factors." *Schoolcraft*, 879 F.2d at 67-68 (citations omitted).

Folk's vindictive prosecution argument is difficult, if not impossible, to follow. (*See, e.g.*, Doc. 163 at 17). He appears to argue that the superseding indictment, which included additional charges, was obtained vindictively by the government. But Folk does not explain what legally protected right he invoked that caused the allegedly improper retaliation from the United States Attorney. He also fails to demonstrate why the federal prosecutor's actions were vindictive and not simply based on the usual determinative factors. Thus, because Folk fails to even plead a vindictive prosecution claim, to say nothing of proving it, he has fallen far short of demonstrating that not raising this claim caused him prejudice.

Folk has not established prejudice under *Strickland*'s second prong for either of his ineffective-assistance-of-counsel claims. His sixth ground for relief, therefore, must be denied.

### 7. *Failure to Grant Medical Continuance*

Folk's final additional ground for relief appears to contend that the trial court erred by not granting Folk a medical continuance. (Doc. 163 at 18-19). Folk points to a *pro se* post-trial document (Doc. 92) he filed in which he claimed that his medical conditions required a trial continuance, and that it was a due process violation to deny the continuance. As with most of his other claims, however, Folk procedurally defaulted on this claim when he did not raise it on

direct appeal.  And, because he has failed to establish cause or prejudice to

excuse his default, this claim must be denied.  *Massaro*, 538 U.S. at 504.

### C.  Folk's Additional Motions to Amend

While Folk's initial motion to "amend under 15(a)" was under

consideration, he filed two additional motions to amend his 2255 motion.  (Docs.

165, 169).  We will briefly address each of these motions to amend and explain

why they must be denied.

The first additional motion to amend is titled "Motion [for] Leave [to]

Amend Under 15(c) Relating Back to Second Filing Under 15(c)(1)(B) In

Regards to Original 15(a) 28 U.S.C. [§] 2255(f)(1)."  (Doc. 165).  The second is

titled "Motion [for] Leave [to] Amend Fourth Petition Under 15(c)(1)(B)

Relating Back to Third Petition Under 15(c) and Doc. 151 In Regards to Original

Doc. 163 15(a) 28 U.S.C. [§] 2255(f)(1)."  (Doc. 169).  The titles of these

motions demonstrate Folk's misconceptions about amending 2255 motions and

relation back under Federal Rule of Civil Procedure 15(c).

Folk seems to believe that so long as his additional, out-of-time proposed

amendments relate back to a previous motion to amend, they can properly amend

his initial 2255 motion and be considered timely.  But that is not how relation

back works.  In order for an amendment to relate back to an original pleading and

thus be considered timely, the amendment must assert "a claim . . . that arose out

of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" FED. R. CIV. P. 15(c)(1)(B).

As explained above, we have determined what claims were timely raised under Section 2255 and therefore constitute the original pleading (hereinafter the "original 2255 motion"). Those claims are the *Johnson*-based claim and the seven additional grounds for relief comprising Folk's motion to "amend under 15(a)." These eight grounds for relief were raised within the one-year statute of limitations provided in Section 2255(f), and thus represent the baseline for any out-of-time motion to amend that seeks to assert new claims for relief.

If Folk desires to further amend his original 2255 motion to add new claims, those new claims must relate back to the claims in the original 2255 motion or else they will be time-barred by Section 2255(f). *See Mayle v. Felix*, 545 U.S. 644, 662-63 (2005). In other words, to avoid being time-barred, any new claims raised in Folk's additional motions to amend must arise from same "conduct, transaction, or occurrence" or be "tied to a common core of operative facts" as those in his original 2255 motion. *See id.* at 662-64.

We turn to Folk's first additional motion to amend. In this motion, he raises two new grounds for relief: (1) ineffective assistance of counsel for failing to request jury instructions on constructive possession and a lesser-included offense of simple possession, and (2) a challenge to his sentence seemingly based

on the factors found in 18 U.S.C. § 3553(a). (Doc. 165 at 2-8). Neither of these claims meets the requirements for relation back. They are entirely distinct and novel grounds for relief unrelated in any way to the claims or operative facts of his original 2255 motion. Consequently, this motion to amend will be denied.

Folk's second additional motion to amend fares no better. In this motion, Folk raises five new grounds for relief: (1) ineffective assistance of counsel for failing to challenge Folk's career-offender status at sentencing and on direct appeal under then-relevant Third Circuit case law; (2) ineffective assistance of counsel for "not challenging [that Folk] was entitled to mandatory 15 years minimum," a claim in which Folk appears to misunderstand that a mandatory minimum is simply the lowest possible sentence he could receive upon conviction rather than the sentence he must receive; (3) ineffective assistance of counsel for failing to object to, and to appeal, allegedly prejudicial prosecutorial closing remarks; (4) ineffective assistance of counsel for failing to move to suppress evidence that was obtained from an allegedly unlawful search of his car and house; and (5) ineffective assistance of counsel for failing to challenge the quantity of cocaine base at trial.

Once again, none of these claims meets the requirements for relation back. Each new claim raised in Folk's second additional motion to amend is wholly distinct from the claims, and operative facts, raised in his original 2255 motion.

Consequently, these five claims are time-barred under Section 2255(f), and this motion to amend must also be denied.

### D. Motions for Hearing; Motion to Appoint Counsel

In light of the above discussion, we will deny Folk's motions for an evidentiary hearing, (Docs. 168, 171). None of the claims raised in Folk's 2255 motion, or any other motion discussed above, requires an evidentiary hearing. For the same reasons, we will also deny Folk's motion (Doc. 170) to appoint counsel.

## III.   CONCLUSION

For the foregoing reasons, we will grant Folk's October 5, 2016 motion to "amend under 15(a)," (Doc. 163), but will deny all of his other motions, including his motion for relief under 28 U.S.C. § 2255. We will also deny a certificate of appealability. An appropriate order will follow.