THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
                                   :
          v.                       :     1:11-CR-292
                                   :     (JUDGE MARIANI)
OMAR SIERRE FOLK,                  :
                                   :
          Defendant.               :

FILED
SCRANTON

MAY 16 2023

PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court are a number of motions filed by Defendant Omar Folk requesting relief related to the denial of his § 2255 motion and subsequent rulings by the Court further denying him relief.

The procedural history of this case was extensively set forth by District Court Judges William W. Caldwell and John E. Jones in prior memorandum opinions addressing motions filed by Folk[1]:

> On August 14, 2012, a jury convicted Folk of various drug and firearms offenses. (Docs. 82, 84). Shortly thereafter, he moved for a new trial or alternatively to vacate judgment. (Doc. 87). The court denied that post-trial motion. (Doc. 90).
>
> Folk was found to be a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), and his resultant sentencing Guideline range was 420 months to life. (Presentence Investigation Report ("PSR") ¶¶

---

[1] Upon the retirement of Judge Caldwell, the above-captioned action was re-assigned to Judge Jones on February 5, 2018. The action was subsequently re-assigned to the undersigned on September 3, 2021 following the retirement of Judge Jones.

29-31, 79). On September 26, 2013, the court granted a significant downward variance and sentenced Folk to 264 months' imprisonment. (Doc. 134 at 28-29; Doc. 126).

Folk appealed the denial of a motion for a mistrial made during trial, as well as the denial of his post-trial motion for a new trial. (Doc. 127); *United States v. Folk*, 577 F.App'x 106, 106 (3d Cir. 2014) (nonprecedential). On September 17, 2014, the Third Circuit affirmed the judgment. *Folk*, 577 F.App'x at 107. The Supreme Court of the United States denied Folk's petition for a writ of certiorari on October 5, 2015. *Folk v. United States*, 136 S. Ct. 161 (2015) (mem).

On June 5, 2016, Folk – through counsel from the Federal Public Defender's Office – filed his first motion under 28 U.S.C. § 2255 based on the recent Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally void for vagueness). (Doc. 139). It appears as though the Federal Public Defender, appointed under a Middle District standing order (see Doc. 141 (M.D. Pa. Standing Order 15-06)), identified Folk as a potential candidate for relief under *Johnson* and filed the 2255 motion on his behalf pursuant to the standing order. Evidently, due to the looming deadline established by the gatekeeping requirements of 28 U.S.C. § 2255(f) and *Johnson*'s date of decision of June 26, 2015, the Federal Public Defender's policy was to file the 2255 motion on the defendant's behalf and subsequently communicate with the defendant, withdrawing the motion if the defendant did not want it filed. (Doc. 143 at 2). This practice appears to have been followed in the instant case. (*Id.* at 2-3).

On June 8, 2016, the Federal Public Defender moved to appoint counsel from the Criminal Justice Act ("CJA") panel to represent Folk in his *Johnson*-based 2255 motion. (Doc. 143). The request for appointment of CJA counsel was the result of a conflict of interest with Folk stemming from a civil case he filed against the Federal Public Defender's Office. (*Id.* at 3). The court granted this motion the following day, and CJA counsel [Jennifer Philpott Wilson, Esq.] was appointed. (Doc. 144; Doc. 149 at 1).

On August 30, 2016, the court issued an order for the Government to show cause why relief should not be granted on Folk's 2255 motion. (Doc. 145). Because his *Johnson* claim implicated the residual clause of the career offender portion of the Guidelines, *see* U.S.S.G. § 4B1.2(a)(2) (2013), rather than the residual clause of the ACCA, the Government moved to stay the case

2

in light of relevant cases pending in the Third Circuit as well as the Supreme Court's grant of certiorari in *Beckles v. United States*, 616 F.App'x 415 (11th Cir. 2015) (per curiam), *cert. granted*, 136 S. Ct. 2510 (2016) (mem.) (granting certiorari to determine, inter alia, whether advisory Guideline[s'] residual clause found in U.S.S.G. § 4B1.2(a)(2) was void for vagueness after *Johnson*). (Doc. 147 at 2). Folk's counsel concurred in the stay. (*Id.* at 3). On September 19, 2016, the court granted the unopposed motion to stay the case in light of the grant of certiorari in *Beckles*. (Doc. 148).

After the September 19, 2016 imposition of a stay, no entries appear on the docket until February 27, 2017, when Folk's CJA counsel filed an unopposed motion to withdraw as counsel, (Doc. 149). In her motion to withdraw, which contained little detail, CJA counsel cited an inability to communicate effectively with Folk and his explicit request that she withdraw from his case. (*Id.* at 2). The court granted the motion to withdraw on April 7, 2017, noting that Folk would proceed *pro se* in the post-conviction matters. (Doc. 153).

On April 3, 2017, four days prior to the court granting CJA counsel's motion to withdraw, Folk filed a *pro se* "motion to amend under 15(c)(2)(B)3 in regards to original 2255." (Doc. 151). Within this motion to amend his initial 2255 motion, Folk referenced a "motion [for] leave [to] amend under [Rule] 15(a)" that he purportedly filed in October of 2016. (*Id.* at 1). As explained above, however, no motion to amend – or any other motion or document – appears on this case's docket in October of 2016. Folk also mentioned this October 2016 motion to "amend under 15(a)" in his reply brief (Doc. 158), averring that the motion was deposited in the prison mail system on October 5, 2016. (Doc. 158 at 1, 2).

Importantly, Folk attached, as "Exhibit (A)" to his reply brief, the cover page of this October 5, 2016 *pro se* motion to "amend under 15(a)," which contains a "FILED" time-stamp of October 7, 2016, and initials of a staff member from the clerk's office. (*See* Doc. 158-1 at 1). Upon investigation, it appears that – without this court's knowledge – the clerk's office had initially stamped the motion to "amend under 15(a)" as filed, but instead of filing it on the docket, mailed the *pro se* motion back to Folk after discovering that he was represented by CJA counsel.

In his reply brief, Folk further averred that he explicitly asked his CJA counsel to raise other issues for relief, beyond the *Johnson* claim, within the one-year statute of limitations set forth in Section 2255(f)(1). (*See* Doc. 158 at 1). CJA counsel corroborated this averment in her telephonic communications with this

court prior to her withdrawal from the case, stating that Folk had wanted to raise additional claims but that she was having significant difficulty deciphering what those claims entailed.

On August 2, 2017, the court permitted Folk to file the entire October 5, 2016 motion to "amend under 15(a)" so that it could be properly considered. (*See* Doc. 162). . . . One week later, Folk filed the full October 5, 2016 motion as requested. (*See* Doc. 163).

(Doc. 177 at 1-7).

While Folk's initial motion to "amend under 15(a)" was under consideration, he filed two additional motions to amend his 2255 motion. The first additional motion to amend was filed on August 17, 2017, and the second was filed on November 3, 2017. (Docs. 165, 169). Then, on November 30, 2017, Folk filed a motion (Doc. 170) to appoint counsel, as well as a motion (Doc. 171) for an evidentiary hearing.

On February 16, 2018, [the Court] issued a memorandum and order addressing Folk's outstanding motions. (Docs. 177, 178). [The Court] noted that because Folk's initial motion to "amend under 15(a)" was filed on October 5, 2016, exactly one year from the date his judgment of conviction became final, it was filed within the one-year statute of limitations provided by 28 U.S.C. § 2255(f)(1). (Doc. 177 at 8-9). [The Court] also found that amendment of his 2255 motion would cause little, if any, prejudice to the government. (*Id.*) Thus, [the Court] granted his initial motion to amend and treated the seven claims raised therein as part of his original 2255 motion. However, [the Court] ultimately denied the 2255 motion in its entirety, rejecting the *Johnson*-based claim asserted in the original motion, as well as the seven additional claims raised by amendment. (*See id.* at 9-21). Additionally, [the Court] denied Folk's August 17, 2017 and November 3, 2017 motions to amend, his November 30, 2017 motion to appoint counsel, and his November 30, 2017 motion for an evidentiary hearing. (*See id.* at 21-24).

(Doc. 192, at 5-6).

Following the issuance of the Court's February 16, 2018 decision (Docs. 176, 177),

Folk filed eight additional motions, including three motions wherein it appeared "that the

4

crux of Folk's argument [was] that he was inappropriately designated a career offender

under the United States Sentencing Guidelines Manual ('U.S.S.G." or "Guidelines')[;]. . . that

his CJA counsel, Attorney Jennifer Wilson ('Attorney Wilson'), was ineffective for failing to

raise this argument in post-conviction proceedings" and that "Attorney Wilson was [also]

ineffective for failing to oppose the government's motion to stay his 2255 proceedings."

(Doc. 192, at 7).  The Court noted that "because Folk has been attempting to assert these

career offender challenges in one form or another since the initial 2255 was filed without his

consultation," it would "address the merits of Folk's arguments to finally put to rest his claim

that he was wrongfully sentenced as a career offender."  (Doc. 192, at 8).  Following a

detailed analysis, the Court found that Folk was properly classified as a career offender at

sentencing and that CJA counsel was not ineffective.  (*See generally*, Doc. 192; *see also*,

Doc. 193).  The Court denied Folk's other 4 motions and ordered him to provide written

clarification as to the relief he sought in his final motion.  (Docs. 192, 193).

On April 3, 2020, the Third Circuit Court of Appeals, having considered two issues

designated for appeal, specifically whether an erroneous career-offender designation is

cognizable under § 2255 and whether Folk was correctly designated as a career offender,

affirmed the District Court's memorandum and order denying Folk's Rule 59(e) motion to

alter or amend the judgment denying his § 2255 motion, finding that "an incorrect career-

offender enhancement under the advisory Guidelines does not present a cognizable claim

under 28 U.S.C. § 2255."  *United States v. Folk*, 954 F.3d 597, 600, 610 (3d Cir. 2020)).

Folk has filed approximately 30 motions in the District Court since the Third Circuit's April 3, 2020, decision, some of which remain pending. However, as relevant to the present memorandum opinion, on July 27, 2022, Folk filed in the Third Circuit a "Motion for an Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §§ 2244(b), 2255(h) by a Prisoner in Federal Custody" (*see* 3d Cir., Case No. 22-2450, Doc. 1-1). The Motion requested leave to file a successive § 2255 motion on the grounds that the Supreme Court's 2022 decision in *Kemp v. United States* "overrule[s] previous precedent ruling" by the Circuit and argued that "petitioner['s] direct appeal was October 5, 2015 and was not docket on Circuit Court or District Court under Supreme Court Rule 16 upon disposition [and] therefore any ruling previously is abrogated by *Kemp v. United States* . . . under 60(b)(1) as Folk file[d] a timely 59(e) and 60(b) to correct mistake in law as my one year toll was 10-5-16." (*Id*. at 5). Folk argued that the "facts are clear" that a § 2255(f)(1) motion was due on October 5, 2016. (*Id*.). By Order dated September 26, 2022, the Third Circuit denied Petitioner's application. (3d Cir., Case No. 22-2450, Doc. 7). The Third Circuit found that Folk had not met the applicable standard under § 2255 to entitle him to relief and explained:

> [Folk] does not rely on newly discovered evidence, nor did the case he purports to rely on, *Kemp v. United States*, 142 S. Ct. 1856 (2022), announce a new rule of constitutional law that applies retroactively to cases on collateral review. Folk apparently seeks to challenge his career offender designation, but this Court has already ruled that such a claim is not cognizable in a motion under § 2255. *See United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020). Therefore, to the extent that he seeks to raise the claim in a successive § 2255 motion, the claim is dismissed. To the extent that Folk wants to file a motion under Federal Rule

6

of Civil Procedure 60(b) in the District Court, the application is denied as unnecessary because he does not need the Court's permission to file such a motion. In reaching this determination, we express no opinion as to the merits of any such motion or whether such a motion would be procedurally proper.

(*Id.*).

## II. ANALYSIS

Since September of 2021, Folk has filed a number of motions, including the following 10 motions presently before the Court:

1. Motion to File 28 U.S.C. § 2255 (Doc. 248);

2. Motion for Update Status (Doc. 250);

3. Motion for Issuance of Show Cause Order (Doc. 257);

4. Motion to Leave an[d] Amend Under 15(c)(1)(B) (Doc. 269);

5. Motion to Reconsider Under 60(b)(1) in light of *Kemp v. United States* (Doc. 271);

6. Motion to Supplement an[d] Support Doc. 248 [Motion to File 28 U.S.C. § 2255 to Reconsider in Light of *Castro v. United States* and *United States v. Miller*] in Light of Pending Supreme Court Certiorari Decision *Kemp v. United States* . . . Under Fed. R. Civ. 60(b)(1) (Doc. 272);

7. Motion to Recall Mandate in Light of New Supreme Court Decision *Kemp v. United States* (Doc. 274);

8. Motion for Status Quo in Light of *Kemp v. United States* (Doc. 275)

9. Motion for an Order to Show Cause (Doc. 278);

10. Motion for Fed. R. Civ. P. 60(b)(6) . . . to Re-Open Doc. 177 [Judge Jones
    Memorandum Opinion denying motion for relief under § 2255] under 28 U.S.C.
    § 2255 (Doc. 280).

These interrelated motions can briefly be summarized as raising the following issues:

1. The Court failed to provide Defendant with the notice required under *Castro v.
   United States*, 540 U.S. 375 (2003) and *United States v. Miller*, 197 F.3d 644
   (3d Cir. 1999);

2. The Court must reconsider its prior memorandum opinions and orders, including
   those (1) denying Folk's § 2255 petition (Docs. 177, 178) and (2) denying seven
   motions including a motion to alter judgement and for reconsideration and a
   motion to amend and supplement his § 2255 motion (Docs. 192, 193), in light of
   the Supreme Court's decision in *Kemp v. United States*, 142 S.Ct. 1856 (2022),
   and *Miller*, *Castro*, and Fed. R. Civ. P. 60(b).

Preliminarily, to the extent that Folk's motions request leave to file a second or
successive § 2255 motion or relate to the ability to do so (*see e.g.*, Docs. 248, 250, 257,
269, 272) (requesting, in whole or in part, leave to file a new motion under § 2255), he is
required to seek leave from the Third Circuit Court of Appeals prior to bringing any new
grounds for relief under § 2255 before this Court.  Here, as set forth above, Folk sought
leave from the Third Circuit as to certain issues, which was denied on September 26, 2022.
Leave to raise any other issues in a § 2255 as set forth in Folk's numerous filings must also

be first presented to the Third Circuit.  The Circuit Court having denied Folk's only request

to file a second or successive § 2255 motion, Folk's motions requesting such relief from this

Court must be denied.

Further, the decision in *United States v. Castro* is inapplicable in the present case.

The Supreme Court in *Castro* held that a court cannot "recharacterize a *pro se* litigant's

motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to

recharacterize, warns the litigant that the recharacterization will subject subsequent §

2255 motions to the law's 'second or successive' restrictions, and provides the litigant with

an opportunity to withdraw, or to amend, the filing." *Castro*, 540 U.S. at 377 (emphasis in

original).  The failure of a court to comply with these requirements results in the

"recharacterized motion" not being counted as a § 2255 motion for purposes of applying the

"second or successive" provision of § 2255.  *Id*.  Here, Folk does not point to any document

of record that the Court "recharacterized" as a § 2255 motion.  Instead, Folk's argument in

premised on the contention that the Court *should have* considered his document filed April

9, 2015, entitled "Affidavit Accompanying Motion for Permission to Succeed in Forma

Pauperis" (Doc. 138) as evidence that he *intended* to file a § 2255.  (*See e.g.* Docs. 250,

272).  The Supreme Court's decision in *Castro* is therefore of no aid to Folk here.  *See also,*

*United States v. Peppers*, 482 F.App'x 702, 704 (3d Cir. 2012) (explaining that *Miller* and

*Castro* "do not require district courts . . . to make a searching inquiry before treating a letter

as something *other than* a § 2255 motion") (citing *Miller*, 197 F.3d at 646).

9

The Court will thus focus on Folk's arguments as they relate to Federal Rule of Civil

Procedure 60, *United States v. Miller*, and *Kemp v. United States*.

Pursuant to Rule 60(b),

On motion and just terms, the court may relieve a party or its legal
representative from a final judgment, order, or proceeding for the following
reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not
have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation,
or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on
an earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6).  A Rule 60(b) motion "must be made within a reasonable time . . .

and for reasons (1), (2), and (3) [of Rule 60(b)] no more than a year after the entry of the

judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).

A number of Folk's motions request that he be permitted to file another § 2255

motion, or "supplement" or "amend" his prior § 2255 motion, due to the Court's failure to

send him a *Miller* notice (*see* Docs. 248, 250, 258, 272).  The Court construes this argument

as motions under Rule 60(b)(1) asserting that the Court's failure to send him a *Miller* notice

constitutes a "mistake".  As the Supreme Court recently held, a judge's errors of law are

"mistake[s]" under Rule 60(b)(1).  *Kemp v. United States*, 142 S.Ct. 1856, 1860 (2022).

10

Folk further argues that, due to this "mistake", he is entitled to relief under Rule 60(b)(6) as he is "subject to 'extraordinary circumstances' and 'equitable tolling'". (Doc. 280).

A Rule 60(b)(1) motion must be made "within a reasonable time," and, at most, one year after the entry of the judgment or order under review. *See* Fed. R. Civ. P. 60(b)(1), (c)(1). Here, Folk's motions made on the basis of "mistake" by the Court in failing to issue a *Miller* notice were filed beginning on September 3, 2021 (*see* Doc. 248). Folk's motions seek relief from the Court's prior memorandums and orders with respect to his § 2255 motion, and amendments thereto, the latest of which was issued by this Court on June 22, 2018 (Docs. 192, 193) and affirmed by the Third Circuit on April 3, 2020. Because the orders from which Folk seeks relief are dated well-over one year prior to the filing of Folk's motions on the basis of *Miller*, those motions are clearly untimely. Folk's faulty reliance on *Kemp*, where the Supreme Court simply held that the term "mistake" includes a judge's error of law, fails to alter this conclusion. (*See also*, *In re: Omar S. Folk*, 3d Cir., Case No. 22-2450, Doc. 7 (explaining that *Kemp* does not "announce a new rule of constitutional law that applies retroactively to cases on collateral review.")).

Similarly, Folk cannot prevail under Rule 60(b)(6). Relief from a judgment under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 142 S.Ct. at 1961. A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon,

and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F.Supp.2d 627, 633 (D.N.J. 1988). A party may not invoke Rule 60(b)(6) to circumvent this time limitation. *See Law Offices of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP*, 2022 WL 17424299 (3d Cir. 2022); *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Here, where Folk's motions allege an error of law by the Court, they are subject to a 1-year limitations period and are therefore untimely. *See Kemp*, 142 S.Ct. at 1865.[2]

Nonetheless, even addressing the merits of Folk's argument that he is entitled to file a new § 2255 petition due to the Court's failure to issue a *Miller* notice, this argument must be rejected.

In *United States v. Miller*, the Third Circuit held that:

> district courts must first take certain prophylactic measures before recharacterizing a pro se petitioner's post-conviction motion as a § 2255 motion *or* ruling on a § 2255 motion denominated as such. More specifically, we prescribe that upon receipt of a pro se pleading challenging an inmate's conviction or incarceration – whether styled as a § 2255 motion or not – district courts should issue a form notice to the petitioner regarding the effect of such a pleading in light of AEDPA. This communication should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petitions absent certification by the court of appeals; or (3) withdraw his motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by AEDPA in § 2255.

*Miller*, 197 F.3d at 646.

---

[2] Even if the Court were to consider Folk's motions under Rule 60(b)(6), Folk has failed to show any "extraordinary circumstances" justifying relief.

Folk's motions fail for a number of reasons.  Most fundamentally, the record reflects that a *Miller* notice was not required in the present action.  Here, the Federal Public Defender's Office timely filed the original § 2255 on Folk's behalf (Doc. 139).  Following the Federal Defender's request to withdraw, CJA counsel Wilson was appointed to represent Folk on June 9, 2016 (*see* Docs. 144, 149).  At Folk's request, CJA counsel moved to withdraw from the case on February 27, 2017 (Doc. 149) due to an inability to communicate effectively and maintain a "productive attorney-client relationship."  The Court did not grant this request until April 7, 2017 (Doc. 153), following the issuance of the Supreme Court's decision in *Beckles* in March, 2017.  The notification requirement set forth in *Miller* applies only to § 2255 motions filed *pro se*.  *Miller*, 197 F.3d at 646.  Although the Court, at a later time, allowed Folk to amend his § 2255 to include additional *pro se* arguments, it did so after noting that Folk's initial motion to "amend under 15(a)" was filed on October 5, 2016, within the one-year statute of limitations provided by 28 U.S.C. § 2255(f)(1) (Doc. 177, at 8-9; *see also*, Doc. 161). The Court further recognized that the Federal Defender's Office filed the original § 2255 "without consultation regarding whether Folk wanted to include other grounds for relief beyond the *Johnson* claim" but acknowledged that these claims had been brought to CJA-counsel's attention.  (Doc. 177, at 6, 9).

Furthermore, although a number of Folk's filings prior to 2017 demonstrate his knowledge that a § 2255 petition must be all-inclusive, Folk was aware of the dictates of *Miller*, at the latest, in April of 2017, when the Government cited the case in its Response to

Folk's Motion to Amend Under 15(c)(2)(B) in Regards to Original 2255 (Doc. 156, at 4

("With few exceptions, a petitioner must file a claim for relief under AEDPA within one year

of when the judgment becomes final. 28 U.S.C. [§] 2255(f)(1). Unless certain extraordinary

circumstances exist, the AEDPA prohibits federal prisoners from filing second or successive

petitions for habeas corpus relief. *United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999).

Even when these extraordinary circumstances exist, the petitioner must first seek the

certification of the appropriate court of appeals before the petition can proceed to the district

court.")). Folk's response to the Government confirms that he was aware that his § 2255

petition must contain all grounds for relief, which was the reason he had filed a number of

motions to amend the original § 2255 petition filed by counsel. (*See* Doc. 158, at 1

("Movant cannot stress this point to the fullest when contacting ex-counsel Ms. Jennifer

Philpott Wilson about other issues Mr. Folk consulted and explain to her that he would like

to raise other issue[s] before his first 2255(f)(1) is tolled from filing other issues. . . .")); *see*

*also*, Doc. 156, at 1 (arguing that his motion to amend his § 2255 was timely where it was

sent to the Court on October 5, 2016 and thus "within one year statutory toll" and

"stress[ing]" that he contacted CJA counsel "about other issues . . . and explain[ing] to her

that he would like to raise other issue[s] before his first 2255(f)(1) is tolled from filing other

issues.")). *See also*, *Folk*, 954 F.3d at 609 (Third Circuit finding in 2020 that "Folk's motion

to expand the certificate of appealability is a second or successive habeas petition because

14

Folk has expended the one full opportunity to seek collateral review that § 2255 affords

him.")(internal citations and quotation marks omitted).

Additionally, although the Third Circuit has not addressed the issue in a precedential

opinion, Folk's argument that the Court erred in not providing him a *Miller* notice is

undermined by a number of non-precedential Third Circuit opinions casting doubt on the

continued viability of *Miller* following the Supreme Court's decision in *Pliler v. Ford*, 542 U.S.

225 (2004).  *See e.g., United States v. Perry*, 142 F.App'x 610 (3d Cir. 2005) ("Together,

*Pliler* and *Castro* suggest that *Miller* may go too far in requiring our District Judges to issue

a procedural roadmap to every pro se litigant who files a pleading, however denominated,

expressing an intention to challenge his or her conviction or sentence."); *Norwood v. United*

*States*, 472 F.App'x 113, 117 n. 1 & 3 (3d Cir. 2012) (Third Circuit ordered parties to brief

three issues, including "whether *Miller* remains good law in light of" *Pliler* and, in its decision,

noting that *Pliler* "arguably limited *Castro* to situations in which a District Court treats as a §

2255 motion a pro se filing styled as something else."); *In re Platts*, 551 F.App'x 26, 26 n. 1

(3d Cir. 2014) ("*Miller*, however, may have been abrogated to that extent by *Castro* and

*Pliler* . . . .  *See also Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir.2013)

(addressing the scope of courts' duty to assist pro se litigants, noting the limited scope of

*Castro* without mentioning *Miller*, and explaining that, under *Pliler*, 'notice is the exception'

and '[n]onassistance is the rule').").

Further, while not clearly set forth, the relief sought by Folk in a number of motions appears to be reconsideration of the Court's prior opinions addressing, and denying, his requests for relief under § 2255.  Folk's filings do not raise collateral review issues not previously addressed by the Court in considering his § 2255 motions nor offer any new grounds for relief which would have been cognizable within the statutory time period.  *See e.g.*, *Battle v. United States*, 2015 WL 3991167, *8 (D.N.J. 2015) (". . . where a *Miller* notice is not provided, the Petitioner is not barred from bringing a second petition bringing distinct claims within the one year statute of limitations. The failure to provide a *Miller* notice does not in any way impugn the validity of the district court's determination as to the issues raised in the original petition, but rather merely prevents the AEDPA bar on second or successive petitions from applying in the event that the petitioner files a second, distinct § 2255 motion. As such, whether Petitioner received a *Miller* notice or not is immaterial to the validity of this Court's decision on his § 2255 motion. Even assuming *arguendo* that the notice provided on the form petition on which Petitioner filed his motion was not sufficient to comply with *Miller's* requirements, the *Miller* rule provides no support for the assertion that the order denying Petitioner's motion should be vacated in its entirety.").

Finally, several of Folk's motions also assert, under Rule 60(b)(1), that the Third Circuit erred in affirming a number of the District Court's rulings and denying his requests to file a second or successive § 2255 motion (*see e.g.*, Docs. 271, 274) (citing, among other rulings, *Folk*, 954 F.3d 597 (affirming District Court's denial of Folk's Rule 59(e) motion to

alter or amend the judgment denying his § 2255 motion) and *United States v. Folk*, 2020

WL 10056283 (3d Cir. 2020) (affirming District Court's denial of Folk's motions to present

new claims pursuant to § 2255 without prejudice to refiling if he received authorization from

the Third Circuit)).  This Court preliminarily notes that it is without the ability to "reverse",

"recall", or otherwise correct or alter any decision by the Third Circuit Court of Appeals.

Assuming Folk is requesting that this Court afford him relief in reconsidering or altering its

prior rulings underlying the Third Circuit's decisions, the Court must deny such relief.  The

basis for Folk's requests for relief are unclear.  Folk appears to argue that one or more of

the Circuit Court's decisions were premised on a "mistake of law", although the precise legal

decision(s) which Folk challenges is not set forth.  As best understood, Folk argues that he

should not have been found to be time-barred with respect to his "career offender

challenge" and that the Court should address that issue under Rule 60(b)(1), instead of Rule

59(e) as previously done by Judge Jones (*see e.g.*, Doc. 275).  Despite Defendant's

argument as to the timeliness issue, Judge Jones thoroughly addressed the merits of Folk's

argument that he was inappropriately designated as a career offender under the United

States Sentencing Guidelines (*see* Doc. 192), a decision which was affirmed by the Third

Circuit Court of Appeals in *United States v. Folk*, 954 F.3d 597 (3d Cir. 2020).  Where Judge

Jones addressed the legal arguments surrounding Folk's designation as a career offender

and rejected those arguments, and the Court is unable to determine what "mistake[s] of law"

were purportedly committed by the Court, Folk's argument that the Court must now engage

in a Rule 60(b)(1) analysis must be rejected.[3]

### III. CONCLUSION

For the foregoing reasons, Folk's motions (Docs. 248, 250, 257, 269, 271, 272, 274,

275, 278, 280) will be denied.  A separate order follows.


Robert D. Mariani
United States District Judge

---

[3] The Court also notes that any claim by Folk that his claims were not properly considered by Judge Jones under Rule 60(b) are foreclosed by the Third Circuit's prior opinion in this case holding that an incorrect career-offender enhancement under the advisory Guidelines does not present a cognizable claim under 28 U.S.C. § 2255, *Folk*, 954 F.3d at 610.