## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :
                                   : CRIM. NO. 1:11-CR-292
            v.                     : (JUDGE MARIANI)
                                   :
OMAR S. FOLK,                      :
                                   :
            Defendant              :

FILED
SCRANTON

MAY 12 2025

PER _____
      DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

A number of motions are pending before the Court in the above-captioned action.

Among them are seven motions for reconsideration filed pursuant to Rule 60(b)(4) and

60(b)(6) of the Federal Rules of Civil Procedure. (Docs. 314, 318, 320, 322, 330, 337, 339.)

All motions relate to some aspect of Defendant Omar Folk's August 2012 jury conviction for

various drug and firearms offenses (Docs. 82, 84) and subsequent Court rulings.

### II. LEGAL STANDARDS

"AEDPA did not expressly circumscribe the operation of Rule 60(b). . . . Rule 60(b),

like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings but only

'to the extent that it [is not] inconsistent with applicable federal statutory provisions and

rules.'" *Gonzalez v. Crosby*, 545 U.S. 524, 529, (2005) (quoting 28 U.S.C. § 2254 Rule 12)

(citing Fed. R. Civ. P. 81(a)(2)). Thus, before ruling on the merits of a post-habeas Rule

60(b) motion, district courts consider whether the motion is properly considered a second or

successive Section 2255 petition disguised as a Rule 60 motion. *See, e.g., United States v. Hilts*, Crim. No. CR 11-133, 2019 WL 6896158, at *1 (Dec. 18, 2019) (citing *Gonzalez*, 545 U.S. 524). If the Rule 60 motion qualifies as a second or successive section 2255 petition, the request "must be certified as provided in section 2244 by a panel of the appropriate court of appeals," 28 U.S.C. §2255(h). The Third Circuit Court of Appeals' holding in *Pridgen v. Shannon*, 380 F.3d 721 (3d Cir. 2004), is consistent with *Gonzalez*:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Federal Rule of Civil Procedure 60(b)(4) authorizes the court to relieve a party from a final judgment, order or proceeding if the "judgment is void." Fed. R. Civ. P. 60(b)(4).

> A judgment may indeed be void, and therefore subject to relief under 60(b) (4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered "a decree which is not within the powers granted to it by the law." *United States v. Walker*, 109 U.S. 258, 265-67, 3 S.Ct. 277, 282, 27 L.Ed. 927 (1883). . . . By contrast, a judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 374-78, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

*Marshall v. Bd. of Ed., Bergenfield, N. J.*, 575 F.2d 417, 422 (3d Cir. 1978); *see also United States v. Zimmerman*, 491 F. App'x 341, 344–45 (3d Cir. 2012).

Federal Rule of Civil Procedure 60(b)(6) authorizes the court to relieve a party from a final judgment, order or proceeding "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

> Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for "any ... reason" other than those listed elsewhere in the Rule. Fed. R. Civ. P. 60(b)(6). [C]ourts are to dispense their broad powers under 60(b)(6) only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.,* 989 F.2d [138, 140 (3d Cir. 1993)]).

*Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). *Cox* noted that the Third Circuit has

> long employed a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case. *See Coltec Indus., Inc. v, Hobgood,* 280 F.3d 262, 274 (3d Cir.2002) (noting, in the context of a 60(b)(6) analysis, the propriety of "explicit[ly]" considering "equitable factors" in addition to a change in law); *Lasky v. Cont'l Prods. Corp.,* 804 F.2d 250, 256 (3d Cir.1986) (citing multiple factors a district court may consider in assessing a motion under 60(b)(6)). The fundamental point of 60(b) is that it provides "a grand reservoir of equitable power to do justice in a particular case." *Hall v. Cmty. Mental Health Ctr.,* 772 F.2d 42, 46 (3d Cir.1985) (internal quotation marks omitted). A movant, of course, bears the burden of establishing entitlement to such equitable relief, which, again, will be granted only under extraordinary circumstances. *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir.1977). But a district court must consider the full measure of any properly presented facts and circumstances attendant to the movant's request.

*Cox*, 757 F.3d at 122. Regarding a claimed change in law, *Cox* explained:

> A post-judgment change in the law on constitutional grounds is not, perforce, a reason to reopen a final judgment. *See Coltec Indus.,* 280 F.3d at 276 (affirming denial of Rule 60(b)(6) motion even though law on which judgment based declared unconstitutional); *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefits Fund,* 249 F.3d 519, 524 (6th Cir.2001). Much less does an *equitable*

3

change in procedural law, even one in service of vindicating a constitutional right, demand a grant of 60(b)(6) relief.

757 F.3d at 124. As to a change in procedural law, *Cox* pointed to the Supreme Court's observation in *Gonzalez* "that Rule 60(b)(6) relief in the habeas context, especially based on a change in federal procedural law, will be rare." 757 F.3d at 125 (citing *Gonzalez*, 545 U.S. at 535–36 & n. 9).

Motions filed pursuant to Rule 60(b)(4) and 60(b)(6) must be "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In terms of the timing of the Rule 60 motion, *Cox* explained the role of the consideration of finality in the analysis of a Rule 60(b)(6) motion:

> a district court reviewing a habeas petitioner's 60(b)(6) motion may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago. Considerations of repose and finality become stronger the longer a decision has been settled. *See id.* at 536–37, 125 S.Ct. 2641 (cautioning against 60(b)(6) relief in "cases long since final" and "long-ago dismissals"); *id.* at 542 n. 4, 125 S.Ct. 2641 (Stevens, J., dissenting) ("In cases where significant time has elapsed between a habeas judgment and the relevant change in procedural law, it would be within a district court's discretion to leave such a judgment in repose.").

*Cox*, 757 F.3d at 125.

In considering whether a Rule 60(b)(6) motion was brought within a reasonable time, the Circuit Court found that a motion brought almost two years after the district court's initial judgment was "not made within a reasonable time." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987); *see also Gordon v.* Monoson, 239 F.App'x 710, 713 (3d

Cir. 2007.) This determination was based on the analysis that "[a]lthough the motion was

brought only six weeks after the district court's judgment on remand, the reason for the

attack upon that judgment was available for attack upon the original judgment." *Id.*

The Court will now turn to a review of the pending Rule 60 motions. Unless

specifically noted otherwise, the Court assumes for purposes of this analysis only that

Defendant's requests are true Rule 60 motions rather than disguised second or successive

habeas motions. In each motion, Defendant generally asserts "extraordinary circumstances"

but does not coherently identify any such circumstance. However, because the Court

concludes that each motion is properly dismissed on timeliness grounds, further discussion

of "extraordinary circumstances where, without such relief, an extreme and unexpected

hardship would occur," *Cox*, 757 F.3d at 120 is not warranted. Similarly, discussion of

Defendant's claim to relief pursuant to Rule 60(b)(4) in six of the seven motions is not

warranted in that the Court rendering judgment in this case did not lack "jurisdiction of the

subject matter or the parties or entered a decree which is not within the powers granted to it

by the law," *Marshall*, 575 F.2d at 422. However, in limited instances, the Court will address

a specific Rule 60(b)(4) argument if deemed appropriate.

**1.    Motion for Reconsideration of Document 126 and Document 181 (Doc. 314)**

The documents at issue are the Judgment which was filed on October 1, 2013, (Doc.

126) and the Amended Judgment which was filed on March 5, 2018, (Doc. 181.)  The

precise grounds for Defendant's motion are difficult to decipher. However, he notes a

5

double jeopardy violation pursuant to *United States v. Diaz*, 639 F.3d 616, 617-21 (3d Cir. 2011) (Doc. 314 at 1); and an improper pro se colloquy "when he did not waive his Sixth Amendment right to counsel" because he was not properly advised of "arm [sic] career offender and career offender guidelines of 180 to life and 360 to life" and he suffered mental illness during the pro se colloquy hearing (*id.* at 1-3 (citing Doc. 132)).

This motion is properly denied on timeliness and finality grounds. Judgments entered over five and ten years before the motion was filed are "judgments long since final," *Cox*, 757 F.3d at 125. Further, the reasons for the attack upon the judgments were available when the judgments were entered, *Moolenaar*, 822 F.2d at 1348: *Diaz* was decided before a judgment was entered; the pro se colloquy took place on August 9, 2012 (Doc. 132); although Defendant was allowed to proceed pro se with standby counsel, he decided to allow standby counsel to take over during the first day of trial (*see* Doc. 135 at 109-111); and at the pro se hearing, Defendant was apprised that he faced life imprisonment (*see, e.g.*, Doc. 132 at 4).

## 2.    Motion for Reconsideration Seeking to Re-open Document 208  (Doc. 318)

The document at issue is an Order issued on April 22, 2019, which dismissed without prejudice several motions that were "seeking relief under 28 U.S.C. § 2255." (Doc. 208 at 1.)  Defendant states that his current motion pertains only to the dismissal of Document 196 in the April 22, 2019, motion. (Doc. 318 at 1.) Document 196 is titled "Movant's File a Motion to Supplement an[d] Amend in Light of Three Issues Which Relate

Back to Doc. 163 Ground Two, Four and Seven Under 28 U.S.C. 2255(f)(1) Petition." (Doc.

196 at 1.) Document 163 is titled "Motion to Leave an[d] Amend Under 15(a) 18 U.S.C.

2255(f)(1)." (Doc. 163 at 1)

Although Defendant's claim to relief is difficult to follow, there is no doubt that the

motion is properly denied on timeliness grounds. The motion was filed over five years after

the Order complained of. In that Order, the Court noted in the margin,

> Defendant is required to seek leave of the United States Court of Appeals for
> the Third Circuit to file a second or successive §2255 motion. We recognize
> that the Defendant has self-styled his motions to "relate back" to his initial §
> 2255 motion, but such artifice does not permit this Court to entertain the
> Defendant's motions without prior authorization from the Third Circuit.

(Doc. 208 at 1 n.1.) Defendant now seems to assert that the claims raised in Document 196

were not a second or successive habeas petition and should have been considered on the

merits pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). (*See* Doc. 318 at

2.) Assuming *arguendo* that the claims referenced were cognizable under Rule 60,

Defendant did not file a motion within a reasonable time. To the extent Defendant may be

asserting that the Third Circuit's decision in *United States v. Folk*, 954 F.3d 597, 61 (3d Cir.

2020), positively impacts the timeliness of his current motion, the decision does not render

the current motion timely in that it was decided on April 3, 2020, and the current motion was

filed on May 20, 2024, i.e., over four years later.

7

3.    **Motion for Reconsideration Seeking to Re-open Documents 161 and 162 (Doc. 320)**

Documents 161 and 162, issued on August 20, 2017, are a Memorandum and Order addressing Defendant's motion to amend (Doc. 151) his original habeas petition (Doc. 139) and several other motions related to transcripts and hearings (Docs. 154, 155, 160). (*See* Doc. 161 at 1.) The Court granted his motion to amend (Doc. 151) in part, allowing him "to re-submit the complete October 5, 2016 motion to 'amend under 15(a)' for this court's consideration." (Doc. 161 at 7.) Defendant filed his motion for reconsideration on May 24, 2024.

For the reasons discussed above, a motion filed in 2024 seeking reconsideration of documents filed in 2017 is not filed within a reasonable time as required under Rule 60(b).

4.    **Motion for Reconsideration Seeking to Re-open Documents 192 and 193 (Doc. 322)**

Document 192 and 193, issued on June 22, 2018, are a Memorandum and Order addressing numerous motions filed by Defendant. (*See* Doc. 192 at 1.)  All motions were denied. (*See* Doc. 193 at 1.) Defendant now seeks reconsideration of the Court's denial of Document 183, his motion to file a supplement to his § 2255 petition. (*See* Doc. 322 at 1.) Defendant filed his motion for reconsideration on May 24, 2024.

For the reasons discussed above, a motion filed in 2024 seeking reconsideration of documents filed in 2018 is not filed within a reasonable time as required under Rule 60(b). Further, the district court opinion which Defendant cites in support of his pending motion,

*United States v. Harris*, 205 F. Supp. 3d 651, 673 (M.D. Pa. 2016), does not warrant further discussion in that it is not precedential and was available to Defendant when he filed Document 183 on March 13, 2018, and when the Court issued the Memorandum Opinion and Order on June 22, 2018, denying Document 183.

## 5. Motion for Reconsideration Seeking to Re-open Documents 208 and 219 (Doc. 330)

Document 208, an Order denying numerous motions (Docs. 196, 198, 203, 204, 205, and 206), was issued on April 22, 2019. Document 219, issued on May 6, 2020, is an Order addressing five motions: two motions were denied (Docs. 191 and 209); one motion (Doc. 212) was dismissed as moot; and two motions seeking relief pursuant to 28 U.S.C. § 2255 (Docs. 215, 216) were dismissed without prejudice to refiling if Defendant obtained authorization from the Third Circuit. (Doc. 219 at 2.) Defendant filed his motion for reconsideration on July 8, 2024.

For the reasons discussed above, a motion filed in 2024 seeking reconsideration of documents filed in 2019 and 2020 is not filed within a reasonable time as required under Rule 60(b). Further, no case cited by Defendant changes this calculation. *United States v. Folk*, 954 F.3d 597 (3d Cir. 2020), affirmed the District Court's denial of Defendant's § 2255 motion and denied his motion to expand the certificate of appealability because he did not satisfy the standard for a second or successive § 2255 motion. 954 F.3d at 610. His petition for writ of certiorari was denied on November 9, 2020. *Folk v. United States*, 141 S. Ct. 837

9

(2020). Defendant's citation to *Holden v. Attorney General*, No. 21-1862, 2023 WL 8798084 (3d Cir. 2023) (not precedential), (Doc. 330 at 1), does not support the timeliness of the pending motion for reconsideration in that the relief granted in *Holden* was based on the fact that the defendant had not exhausted the "one full opportunity to seek collateral review" that the AEDPA ensures, 2023 WL 8798084, at *2, and here Defendant's petition for writ of certiorari ended his "one full opportunity to seek collateral review" on November 9, 2020.

**6.    Motion for Reconsideration Seeking to Re-open Documents 239 and 247 (Doc. 337)**

Document 239 is an Order issued on March 31, 2021, denying without prejudice two motions (Docs. 236, 237) which the Court concluded presented claims for relief pursuant to 28 U.S.C. § 2255 and therefore required Defendant to seek leave of Court from the Third Circuit to file a successive motion. (Doc. 239 at 1.) Document 247 is an Order issued on June 17, 2021, denying Defendant's Motion for Status Quo in Light of New Supreme Court Decision Torres v. Madrid (Doc. 244) without prejudice because the holding in *Torres v. Madrid*, 592 U.S. 306 (2021), had not been made retroactive and did not provide for any relief for Defendant. (Doc. 247 at 1.) Defendant filed his motion for reconsideration on December 6, 2024.

For the reasons discussed above, a motion filed in 2024 seeking reconsideration of documents filed in 2021 is not filed within a reasonable time as required under Rule 60(b). Defendant again cites *United States v. Folk*, 954 F.3d 597 (3d Cir. 2020), and *Holden v.*

*Attorney General*, No. 21-1862, 2023 WL 8798084 (3d Cir. 2023) (not precedential), (Doc. 337 at 1) in support of his motion, reliance which is without merit as set out above. Further, Defendant's reliance on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), in support of relief pursuant to Rule 60(b)(4) is misplaced in that the Supreme Court noted therein that such relief is reserved for

> the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer v. Baker,* 793 F.2d 58, 65 (C.A.2 1986); see, *e.g., Boch Oldsmobile, supra,* at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

559 U.S. at 271. Here, there is no basis to question the jurisdiction of this Court to issue the Orders in question, Documents 239 and 247.

## 7. Motion for Reconsideration Seeking to Re-open Documents 284 and 285 (Doc. 339)

Documents 284 and 285 are the Memorandum Opinion and Order issued on May 16, 2023, which address and deny ten motions pending before the Court. Defendant filed the motion for reconsideration (Doc. 339) on December 10, 2024. The Circuit Court denied a certificate of appealability on the Court's Memorandum and Order on October 18, 2023, (3d Cir. Case No. 23-2042, Doc. 10-1), and the Supreme Court denied the petition for writ of certiorari on March 24, 2024, *Folk v. United States*, 144 S. Ct. 1045 (2024). Defendant says that his current motion is based on a discovery he made "after litigating" the appeal of Documents 284 and 285, including the "discovery of recent Third Circuit ruling that high-lighted Folk circuit court precedent ruling." (Doc. 339 at 6-7.) Defendant presumably

references the Circuit Court's September 26, 2022, Order denying Defendant's application for an authorization to file a second or successive § 2255 motion in which the Circuit Court referred to the decision in *United States v. Folk*, 954 F.3d 597 (3d Cir. 2020). (3d Cir. Case No. 22-2450, Doc. 7.) The Order noted that the Circuit's 2020 opinion held that Defendant's challenge to his career offender designation was not cognizable under § 2255 but, to the extent he wanted to file a Rule 60(b) motion in the District Court, he could do so without the Circuit Court's permission. *Id.* Importantly, Defendant does not directly challenge any aspect of Documents 284 and 285. Rather, because the related litigation led him to the discovery that Document 139, the counseled Motion to Correct Sentence Under 28 U.S.C. § 2255, was improperly filed, he claims that Documents 284 and 285 are "void for judgment." (Doc. 339 at 7.) Defendant clearly misapplies Rule 60(b)(4) for the reasons set out above, and he presents no adequate basis to consider Rule 60(b)(6) to have been filed within a reasonable time.

### III. CONCLUSION

For the reasons set forth above, Defendant's pending motions for reconsideration filed pursuant to Rule 60(b) (Docs. 314, 318, 320, 322, 330, 337, 339) will be denied. A separate Order will enter.

Robert D. Mariani
United States District Judge