IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Respondent, | : |
| v. | : 1:11-CR-292 |
| | : (JUDGE MARIANI) |
| OMAR S. FOLK, | : |
| Petitioner. | : |

## MEMORANDUM OPINION

Presently before the Court is a Motion for Writ of Coram Nobis, filed by Petitioner Omar S. Folk ("Folk" or "Petitioner"). (Doc. 306). For the reasons that follow, Petitioner's motion will be denied.

### I.    INTRODUCTION & FACTUAL BACKGROUND

On October 19, 2011, a grand jury returned a three-count indictment charging Folk with drug trafficking and firearms offenses. (Doc. 1). On July 11, 2012, a superseding indictment was returned charging Folk with possession with intent to distribute cocaine and 280 grams and more of cocaine base in violation of 21 U.S.C. § 841, two counts of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 44).

On August 14, 2012, a jury convicted Folk on all counts. (Doc. 82). Shortly thereafter, Folk moved for a new trial or alternatively to vacate the judgment. (Doc. 87).

The Court denied Folk's post-trial motion. (Doc. 90). Folk was found to be a career offender under the United States Sentencing Guidelines and his resulting sentencing Guideline range was 420 months to life. PSR at ¶¶ 29-31, 79. On September 26, 2013, the Court granted a significant downward variance and sentenced Folk to 264 months' imprisonment. (Doc. 126), (Doc. 134 at 28-29).

Folk appealed the denial of his motion for mistrial made during trial, as well as the denial of his post-trial motion for a new trial. (Doc. 127); *United States v. Folk*, 577 F. App'x 106 (3d. Cir. 2014). On September 17, 2014, the Third Circuit affirmed the judgment. *Folk*, 577 F. App'x 107. The United States Supreme Court denied Folk's petition for writ of certiorari on October 5, 2015. *Folk v. United States*, 136 S. Ct. 161 (2015) (mem).

Subsequently, Folk filed his first motion to vacate under 28 U.S.C. § 2255 based on the Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act unconstitutionally void for vagueness); (Doc. 139). In February of 2018, the Court denied Folk's § 2255 motion it its entirety. (Docs. 177, 178). Folk subsequently filed various motions, arguing that he was inappropriately designated a career offender under the USSG manual and that counsel was ineffective in post-conviction proceedings. (Doc. 192 at 7). The Court ultimately found that Folk was properly classified as a career offender at sentencing and that his counsel was not ineffective. (Docs. 192, 193).

Folk then sought a certificate of appealability. The Third Circuit granted a certificate of appealability on one issue, his career offender designation. *United States v. Folk*, 954 F.3d 597 (3d Cir. 2020). While that appeal was pending, Folk moved to expand the certificate of appealability and to supplement his appeal. *Id.* He argued that his conviction for possession of 280 grams or more of cocaine base was invalid under *United States v. Rowe*, 919 F.3d 752, 759 (3d Cir. 2019) (holding that separate acts of distribution of controlled substances are distinct offenses rather than continuing crime). On April 3, 2020, the Third Circuit found that an incorrect career-offender designation under the advisory Sentencing Guidelines is not a cognizable claim under § 2255 and that the *Rowe* claim qualified as second or subsequent § 2255 petition and, under that standard, did not warrant collateral relief. *Folk*, 954 F.3d at 601, 610.

On July 27, 2022, Folk filed in the Third Circuit a "Motion for an Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §§ 2244(b), 2255(h) by a Prisoner in Federal Custody." (*See* 3d Cir., Case No. 22-2450, Doc. 1-1). The motion requested leave to file a successive § 2255 motion on the grounds that the Supreme Court's 2022 decision in *Kemp v. United States*, warranted relief. (*Id.* at 5). By Order dated September 26, 2022, the Third Circuit

denied Folk's application. (3d Cir., Case No. 22-2450, Doc. 7). The Third Circuit found that Folk had not met the applicable standard under § 2255 to entitle to him to relief.[1] *Id.*

On January 22, 2024, *pro se* petitioner Omar S. Folk filed a Motion for Writ of Coram Nobis. (Doc. 306). The Government opposes Defendant's motion. (Doc. 356). Petitioner did not file any reply.

Petitioner alleges the following facts:

> Petitioner was found guilty on Aug. 14, 2012, a Jury Convicted Folk of various drug and firearms offense (Docs. 82, 84). At Sentencing by the District Court Judge Caldwell that follow with a sentence on Count One 204 months to run concurrently with Count Four 120 months. Then dismissed Count Two for sentencing purposes in light of double jeopardy upon <u>Diaz</u> ruling to be merged with count three 60 months to run consecutively with all other counts. (Doc. 134).

(Doc. 306 at 1).

More specifically, Petitioner alleges that he is entitled to a writ of Coram Nobis because he:

> (1) is no longer in custody on Count Four 922(g)(1) . . . ; (2) Suffers continuing consequences from the purportedly invalid conviction on Count one 841(a) ran concurrent with count Four under concurrent sentencing doctrine . . . ; (3) provides sound reasons for failing to seek relief earlier there was no sound law available that address this Count Four decade or more ago to address forth prong in Jury Instructions or challenges the Second Amendment Rights on the Right to Bear Arms as Convicted Felon . . . ; (4) Had no available remedy at the time of trial on 8-13-12 there was no available law dealing with <u>Rehaif</u> fourth prong and Second Amendment right to bear arms was not clear in this Third Circuit . . . ; (5) asserted error(s) of a fundamental kind

---

[1] This is not a complete procedural history. Folk has filed numerous motions and filings before this Court and the Third Circuit and the Court will not repeat the full procedural history here. *See, e.g., United States v. Folk*, 2023 WL 8451230 (3d Cir. Oct. 18, 2023); *United States v. Folk*, 2022 WL 58540 (3d Cir. Jan. 6, 2022); *United States v. Folk*, 2020 WL 10056283 (3d Cir. Oct. 21, 2020)); *Folk v. United States*, 2024 WL 233277 (M.D. Pa. Jan. 22, 2024); *United States v. Folk*, 2023 WL 3480898 (M.D. Pa. May 16, 2023).

such as Petitioner not having the right to challenge his conviction when new law like Rehaif and Bruen becomes available that will make your conviction error of a fundamental kind. Petitioner developed the record that Ragbir five elements are met.

(Doc. 306 at 2-3). Accordingly, Petitioner seeks relief in the form of dismissal of Count Four with Count One resentencing to follow. (*Id.* at 3). According to the Federal Bureau of Prisons website, Petitioner is currently incarcerated at FCI McKean in Bradford, Pennsylvania, located in the Western District of Pennsylvania, with a scheduled release date of May 11, 2031.

## II.  STANDARD OF REVIEW

"Coram nobis is an extraordinary remedy that has traditionally been used to attack federal convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255." *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (internal citation and quotation marks omitted). A court's jurisdiction to grant coram nobis relief "is of limited scope, and the standard for obtaining it is more stringent than that applicable on direct appeal or in habeas corpus." *Id.* "Errors which could be remedied by a new trial do not usually come within the writ. Rather, the error must be fundamental and go to the jurisdiction of the trial court, thus rendering the trial itself invalid. When an alternative remedy is available, a writ of error coram nobis may not issue." *Id.*

Third Circuit case law "establishes five prerequisites for coram nobis relief: the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4)

5

had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020).

### III. ANALYSIS

Based on *Rehaif* and *Bruen*, Folk petitioned this Court to issue a writ of error coram nobis vacating his conviction under 18 U.S.C. § 922(g)(1) because the Government never proved he knew he was a felon at the time he possessed the firearm. Folk claims he meets all five prerequisites for coram nobis relief. The Government, in contrast, asserts that Folk fails to satisfy any of the five prerequisites for coram nobis relief. (Doc. 356). A petitioner must meet all five prerequisites for coram nobis relief, and the failure to meet one prerequisite will result in the denial of the writ.

The Government and Petitioner dispute the first prerequisite of coram nobis relief—whether Folk is still in custody on Count IV. The Court agrees with the Government. Folk's fails the first prerequisite because he is still in custody. *See United States v. Cole*, 2023 WL 7486745, at *1 (3d Cir. Nov. 13, 2023) (noting that "a prisoner is deemed to still be in custody for the first in a series of consecutive sentences he is still serving") (citing *Garlotte v. Fordice*, 515 U.S. 39, 41, (1995)). Petitioner fails at step two because he does not allege that he suffers any continuing consequences from his purportedly invalid conviction.

In addition, Petitioner further fails at the third prerequisite because he failed to provide sounds reasons for not seeking relief earlier. The Third Circuit finds that "the more time that elapses between a party's conviction and his petition for coram nobis, the less

6

likely it becomes that sound reasons exist." *Ragbir*, 950 F.3d at 63. And "[w]e have previously found delays of less than five years untimely." *Id.* "Legal ambiguity is also not a sound reason for delay." *Id.*; *see also Mendoza v. United States*, 690 F.3d 157, 160 (3d Cir. 2012) ("That the law is unsettled does not justify a delay in filing a coram nobis petition.").

Here, Petitioner waited over eight years after his conviction and sentence became final before filing the instant Motion for Writ of Coram Nobis. He also waited nearly five years after the Supreme Court decision in *Rehaif v. United States*, 588 U.S. 225 (2019)—the case he alleges entitles him to the writ of coram nobis. Notably, Petitioner has filed previous petitions and motions where he raises challenges to his convictions and sentence under *Rehaif* and *Bruen*, demonstrating that he was aware of both cases and that he was aware of *Rehaif* no later than February 7, 2019. However, Folk did not file the instant motion for writ of coram nobis until January 22, 2024.[2] Petitioner thus fails to provide the

---

[2] On January 13, 2023, Folk filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Folk v. Sage*, 23-cv-00071 (M.D. Pa. 2023), (Doc. 1). Folk relied on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) ("*Bruen*"), and asserted that he is actually innocent of counts two through four of the superseding indictment. (*Id.* at 5-7). This Court dismissed the petition for lack of jurisdiction on August 14, 2023. (Docs. 16, 17). The Third Circuit affirmed on February 4, 2025. No. 24-2567.

On February 7, 2019, Folk filed a "Motion to Supplement and Amend in Light of Three Issues Which Relate Back to Doc. 151 and Doc. 163 Grounds Two, Three and Six under 28 U.S.C. 2255(f)(1)-(2) Petition." *United States v. Folk*, No. 11-cr-292, (Doc. 206). In that motion, Folk sought various relief related to his firearms convictions. He specifically directed the Court to *Rehaif v. United States*, which had not yet been decided by the Supreme Court. (*Id.* at 8-11). He also asserted that his counsel was ineffective for not objecting to the 2012 jury instruction which, consistent with Third Circuit case law at the time, did not include an instruction that Government must prove that Folk knew he was a felon when he possessed the firearm in question. (*Id.*). The Court denied the motions. (Docs 208, 219). And the Third Circuit denied Folk a certificate of appealability and issued the following Order:

Court will any sound reasons for failing to seek relief earlier. Nor may Petitioner "resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second of successive § 2255 motion." *Rhines*, 640 F.3d at 72.

As to factor four—whether Folk had a remedy at the trial of trial—this Court must focus "on whether a party was unable to make certain arguments at trial or on direct

---

Appellant appeals from the Order of the District Court (ECF No. 219) denying and dismissing motions that appellant filed at ECF Nos. 191, 209, 212, 215, and 216. Appellant's motion at ECF No. 209 in turn sought reconsideration of the District Court's order at ECF No. 208, which dismissed motions that appellant filed at ECF Nos. 196, 198, 203, 204, 205, and 206. In many of those documents, appellant sought to assert new claims under 28 U.S.C. § 2255.

To that extent, appellant's request for a certificate of appealability is denied because, following *United States v. Folk*, 954 F.3d 597 (3d Cir. 2020), jurists of reason would not debate that dismissal of appellant's new claims are successive. See 28 U.S.C. § 2253(c)(2); Buck v. Davis, 137 S. Ct. 759, 777 (2017). That issue is not rendered debatable by either Magwood v. Patterson, 561 U.S. 320 (2010), which does not apply to appellant's amended judgment at ECF No. 181, or Banister v. Davis, 140 S.Ct. 1689 (2020), which does not apply to the motions at issue here. Appellant's new claims—including his claims based on Dean v. United States, 137 S.Ct. 1170 (2017), Gamble v. United States, 139 S.Ct. 1960 (2019), Rehaif v. United States, 139 S.Ct. 2191 (2019), and Holguin-Hernandez v. United States, 140 S.Ct. 762 (2020)—also do not qualify for authorization under 28 U.S.C. § 2244(b) and 2255(h), as we decided in part in denying appellant's § 2244 application at C.A. No. 20-1399.

To the extent that appellant might not require a certificate of appealability to challenge the District Court's denial of any of his other requests for relief, the District Court's ruling is affirmed. Among other things, any error in the District Court's failure to separately address appellant's filing at ECF Nos. 210 and 211 in connection with appellant's request for a status update at ECF No. 212 is harmless because the points discussed above apply equally to the claims set forth in those documents. Appellant also has not asserted any arguable grounds for relief from the terms regarding his fine in his amened judgment.

C.A. No. 20-2023, 3d Cir. Oct. 15, 2020.

appeal." *Ragbir*, 950 F.3d at 63. The Court need not elaborate on this factor, as it is apparent that Folk cannot satisfy the fifth prerequisite for coram nobis relief.

"The fifth prerequisite is two-pronged: there must be an error, and the error must be fundamental." *Ragbir*, 950 F.3d at 63. "The term fundamental refers to defects which inherently result in a complete miscarriage of justice." *Id.* (internal citation and quotation marks omitted). "Errors that can be remedied through a new trial do not usually fall within the writ. Instead, the defect must completely undermine the jurisdiction of the court, rending the trial itself invalid." *Id.* The Third Circuit's opinion in *United States v. De Castro*, 49 F.4th 836 (3d Cir. 2022), is instructive. There, the Circuit found that "De Castro cannot meet this standard's heavy burden of showing both cause and prejudice." *De Castro*, 49 F.4th at 847. "De Castro has not shown cause for failing to raise the *Rehaif* issue. Cause does not exist just because an argument seemed futile to the petitioner at the time of trial or guilty plea." *Id.* Moreover, "De Castro also fails at the prejudice step. To show prejudice, he must establish that Government's failure to prove an essential element of his claim worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (internal citation and quotation marks omitted). "With this statement from the presentence report, taken as fact because De Castro did not dispute the report, De Castro cannot show that the Government's failure to prove the knowledge-of-immigration status element actually and substantially disadvantaged him because a jury still would have

had enough evidence to convict. Thus, De Castro cannot show actual prejudice." *Id.* at 848.

The same logic applies here. Folk cannot satisfy the cause and prejudice standard. As for cause, cause "does not exist just because an argument seemed futile to the petitioner at the time of trial." *De Castro*, 49 F.4th at 847. Neither Petitioner nor his counsel raised any argument regarding the prosecution's need to prove that Folk knew he was felon at the time he possessed the firearm. As for prejudice, Folk must show that the Government's failure to prove an essential element "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* Folk cannot show this. Both the trial transcript and the presentence report demonstrate that Folk cannot establish that the Government's failure to prove his knowledge of a felon status element "substantially disadvantaged him because a jury still would have had enough evidence to convict." *Id.* at 848.

> At trial, the Government and Folk stipulated to the following:
>
> There's a second stipulation, Your Honor. It's the stipulation regarding prior conviction. The United States and the defendant have reached the following stipulation with respect to the defendant's authority to possess a firearm on September 1, 2011. The parties stipulate that at all times relevant to this case, including September 1, 2011, the defendant was prohibited from possession of a firearm because of a prior conviction for a crime punishable by imprisonment for a term exceeding one year.

(Doc. 133 at 178:9-18). Moreover, Folk's presentence report reveals numerous crimes committed as an adult, including two counts of robbery, simple assault, and the making of

terroristic threats. PSR at ¶¶ 42-44. And, as his sentencing transcript makes clear, Folk was aware of his status as a felon. (Doc. 134 at 20:16-24 (noting that "only four years total that I've been incarcerated in the adult system")). Based on the trial stipulation, it is clear that a jury would still have enough evidence to convict Folk on Count IV, violation of 18 U.S.C. § 922(g)(1).

"Failing to meet the cause and prejudice standard, [Folk's] only option is to make a threshold showing of 'actual innocence.'" *De Castro*, 49 F.4th at 848. "Actual innocence requires a petitioner to show that it was 'more likely than not that no reasonable juror would have convicted him' had the district court correctly advised him at the plea hearing and given the government the opportunity to adduce evidence of the omitted element." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "Considering all of this, [petitioner] cannot establish actual innocence under the *Rehaif* standard because he cannot demonstrate it is more likely than not that no reasonable juror would conclude that he knew of his status as an illegal alien at the time he possessed a firearm. Because he has no legitimate claim of actual innocence, he cannot prove fundamental error." *Id.*

Here, Folk fails to make a threshold showing of actual innocence under *Rehaif*, *Bruen*, or any other case.[3] He cannot demonstrate that it is more likely than not that no

---

[3] To the extent Folk claims his conviction and sentence for being a felon in possession of a firearm is an unconstitutional infringement on his Second Amendment rights under *Bruen*, he is wrong. For substantially the same reasons set forth by the Government in opposition to Folk's motion, (Doc. 356 at 1-2, 9-11), and considering Folk's long prior criminal history, including a history of violence, *Bruen* entitles Folk to no relief whatsoever. *See United States v. Rahimi*, 602 U.S. 680 (2024).

11

reasonable juror would conclude that he knew of his status as a felon at the time he possessed a firearm. Accordingly, because Folk has no legitimate claim of actual innocence, he cannot prove fundamental error. Therefore, Petitioner is not entitled to the extraordinary remedy of coram nobis and Petitioner's Motion for Writ of Coram Nobis will be denied.

## IV. CONCLUSION

For the foregoing reasons, Folk's Motion for Writ of Coram Nobis, (Doc. 306), will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge